BAKER & LAWRENCE *v.* McDANIEL *et al.*

1. Where a petition for injunction and the evidence offered to sustain it failed entirely to make a case entitling the plaintiff to the relief sought (as fully appears from the record in this case), the judge rightly refused to grant the same.
2. Where a petition for *certiorari* had been sanctioned by the judge and filed with the clerk of the superior court, but no bond as required by law was filed therewith, and consequently no writ of

*certiorari* was issued, it was too late, after the expiration of the time allowed by law for obtaining the writ of *certiorari*, to file such bond, and under such circumstances no error was committed in dismissing the case in the absence of plaintiff's attorney, to whom the judge had granted leave of absence for the balance of the term. This was the only legal disposition that could have been made of the case, even if the attorney had been present.

March 16, 1891.  Argued at the last term.

Injunction.  *Certiorari.*  Practice.  Before Judge ROBERTS.  Montgomery county.  At chambers, June 17, 1890.

Reported in the decision.

DeLACY & BISHOP, for plaintiffs.

No appearance for defendants.

LUMPKIN, Justice.

The petition of Baker & Lawrence for injunction and other relief and the evidence submitted in support thereof made, substantially, the following case: The plaintiffs had leased certain land for the purpose of cutting timber and running a saw-mill thereon.  One McDaniel swore out a warrant against them for forcible entry and detainer, and the case made by this warrant was tried before a justice of the peace and a jury, who improperly found for the plaintiff therein.  Baker & Lawrence presented their petition for *certiorari* to the judge, which was sanctioned by him and filed in the clerk's office of the superior court within the time prescribed by law.  No bond was filed with the petition, but the plaintiffs in *certiorari* had made the bond required by law and filed the same with the justice, who promised to send it to the clerk, but in fact it never reached the clerk's office.  The clerk refused to issue the writ of *certiorari*, because of the absence of the bond.  At the next term of the superior court, counsel for Baker & Lawrence obtained leave to withdraw the *certiorari* papers "to examine and perfect them," stating to the court that a bond had been given, and that if the court

would grant time, he would perfect the record. After this was done, the court granted the counsel leave of absence for the balance of the term, and after he had left the court and without further notice to him, the court passed an order dismissing the *certiorari* case, reciting therein, among other reasons for such dismissal, the fact that no bond had been filed with the petition as required by law. Soon after the term, the justice before whom the forcible entry and detainer case was tried, issued a writ of possession at the instance of McDaniel's attorneys, and the sheriff, acting thereunder, was about to turn Baker & Lawrence out of possession of the property. The petition prayed that this proceeding by the sheriff be enjoined, that the verdict and judgment in the forcible entry and detainer case be set aside, that the clerk of the superior court be required to issue the writ of *certiorari*, and that the *certiorari* case be reinstated and heard upon its merits. Upon the case thus made, the judge refused the injunction and other relief prayed for.

We are of the opinion that the judge did right. The verdict and judgment in the forcible entry and detainer case, however improper, unjust and unsupported by testimony, were valid and binding upon the parties until set aside in the manner prescribed by law. The plaintiff had a plain remedy for the errors complained of, by obtaining the writ of *certiorari*. He took certain steps in this direction, but failed in one essential particular to comply with the law, viz. to file in the clerk's office, with the petition for *certiorari*, the bond required by the statute. Section 4054 of the code declares that the bond must be so filed, and this, of course, must be done within the time prescribed by law, or the clerk cannot legally issue the writ of *certiorari*. It is doubtless true that at the next term of the superior court after the forcible entry and detainer trial was had, the

judge did grant counsel for Baker & Lawrence permission to take the papers in that case from the clerk's office for the purpose as alleged "of examining and perfecting them," the evident purpose being to obtain and file thereafter the *certiorari* bond which counsel alleged had already been executed.    The judge also granted said counsel leave of absence, and after so doing, without further notice to him, dismissed the *certiorari* case. The judge must either have overlooked the fact that he had granted this leave of absence, or considered that even if the counsel was present, the case must in any event be dismissed, because the time in which the bond could be legally filed had long since expired, and to allow the bond to be filed, then or thereafter, would also cause an unlawful delay of six more months in disposing of the case.    It is immaterial whether the judge forgot the fact that he had granted the leave of absence, or dismissed the case for the reason stated. No other legal disposition of the *certiorari* case was possible, under the facts disclosed, and even if counsel had been present, the dismissal of the case was inevitable.

What then remains?   A valid judgment is now of force against Baker & Lawrence in the forcible entry and detainer case, and they have not availed themselves of the proper and legal method of setting the same aside; nor did they state in their petition for injunction etc. any good and sufficient legal reason why they failed so to do.    These things being true, this judgment cannot be attacked and set aside collaterally, and therefore the judge below committed no error in refusing to grant the remedies sought by the petition.

*Judgment affirmed.*