THE MAYOR & COUNCIL OF GAINESVILLE *v.* SIMMONS *et al.*

1. Where the General Assembly, upon the recommendation of the corporate authorities of a city, passed an act to establish and maintain public schools therein "for as much as six months in each year," the act providing that "no local tax levied and collected for said purpose shall ever in one year exceed one fourth of one per cent. on the taxable property of said city," which act was duly submitted to and approved by the qualified voters of the city and a system of public schools was established thereunder, it was competent for the General Assembly, without another recommendation from the corporate authorities, and without providing for another submission to the qualified voters, to amend the act in question by authorizing the schools to be continued "for as much as ten months in each year," the amending act distinctly providing that the amount of tax to be levied for school purposes should not exceed the rate authorized by the original act.

2. Both these acts were unconstitutional in so far as they authorized the exaction of matriculation or admission fees from pupils residing in the city, and to that extent cannot be enforced; but this does not vitiate the other portions of the acts which are consistent in their provisions with the requirements of the constitution.

3. The judgment of the court below was correct in so far as it enjoined the defendants from charging pupils residing in the city matriculation or admission fees before admitting them to the benefits of the schools; but in so far as it enjoined the county school commissioner from making payments out of the public school fund of the State to the defendants, it was erroneous, it appearing that the plaintiffs could not be injuriously affected by the payments complained of, and also that they had no right to raise any question concerning the same. The judgment was also erroneous in so far as it enjoined the defendants from maintaining schools for a

longer time than six months in each year, or from using for the purpose of so doing the funds received by them.

July 29, 1895.

Injunction. Before Judge KIMSEY. Hall county. May 8, 1895.

PERRY & CRAIG, for plaintiffs in error.

H. H. DEAN and L. D. PUCKETT, *contra.*

LUMPKIN, Justice.

We shall not deal specially with all of the various questions presented by the record in this case, but shall refer briefly to those only of them which are of controlling importance. The plaintiffs below undertook by equitable petition to restrain the Mayor and Council of Gainesville from doing certain acts in maintaining the public schools of that city, which had been established under legislative enactments. The injunction prayed for was in part granted, and in part refused. The material points in the case will appear from what is said below.

1. In 1883 the General Assembly, upon the recommendation of the corporate authorities of Gainesville, passed an act amending the charter of that city, and providing for the establishment and maintenance of public schools "for as much as six months in each year." This act also declared, that "no local tax levied and collected for said purpose shall ever in one year exceed one fourth of one per cent. on the taxable property of said city." Acts of 1882-3, p. 402. This act was duly submitted to the qualified voters of the city at an election held for that purpose, as provided by the act itself, and the election resulted favorably to the establishment of a system of public schools as contemplated by the act, and they were accordingly put in operation. Afterwards, in 1892, the General Assembly passed another act amending the charter of Gainesville, in which authority was given for continuing the public schools "for as much as

ten months in each year"; and this act also distinctly declared that the amount of taxes to be levied for school purposes should not exceed the rate authorized by the act of 1883.   Acts of 1892, p. 168.   There was no recommendation by the corporate authorities of Gainesville for the passage of this latter act, nor did it contain any provision for submission to the qualified voters of the city of the provisions it contained with reference to schools.   We think, nevertheless, the act was valid without any such recommendation or submission.

The establishment of public schools in a city, to be maintained by local taxation, necessarily imposes a burden upon the taxpayers; and the object of the constitution (Code, §5207) in making the preliminary recommendation of the corporate authorities, and the subsequent submission to the qualified voters, essential to the validity of local laws for the establishment of public schools, was to provide against the imposition of this burden upon the people without their free consent, expressed in advance through their representatives, and finally by themselves at the ballot-box.   The amending act could not, in any event, add a single dollar to the amount of taxes authorized by the first act; and if, without so doing, the schools can be maintained for ten months in each year instead of six, we are at a loss to perceive why the additional legislation is not both salutary and constitutional.

2. Both of these acts, under the decision of this court in *Irvin et al.* v. *Gregory et al.*, 86 *Ga.* 605, were unconstitutional in so far as they authorized the exaction of matriculation or admission fees from pupils residing in the city; but, according to that same decision, the unconstitutionality of the acts in question, in the respect indicated, by no means invalidates other portions of the same which are in entire harmony with the requirements of the constitution, nor affords any cause for en-

joining the collection of school taxes assessed and imposed under the valid portions of these acts.

3. The plaintiffs' petition also complained that certain payments made by the county school commissioner of Hall county to the defendants, out of the general public school fund of the State, to be used in the support and maintenance of the Gainesville public schools, were illegal. We shall not stop to inquire whether the payments in question were authorized by law or not. Certainly it can in no way operate injuriously to the plaintiffs, as citizens and taxpayers of Gainesville, if the school fund of that city is augmented by the receipt of money from the State to which the public schools of Gainesville are not entitled. Whether these payments by the county school commissioner are made rightfully or wrongfully, not a cent could thus be added to the taxes paid for school purposes by the people of Gainesville; but on the contrary, the aid thus derived from the State fund would at least have a tendency to diminish the amount of such taxes. No person can possibly be heard to complain in equity of that with which he is in no way concerned, and which not only cannot injure him but may operate to his benefit. See *Reid* v. *Mayor etc. of Eatonton,* 80 *Ga.* 755, and authorities cited on pages 757–8. It is the business of the State school commissioner, and not of the taxpayers of Gainesville, to determine whether or not the school commissioner of Hall county makes illegal or unauthorized payments to the Gainesville school fund.

To sum up: the judgment of the court was right in so far as it enjoined the defendants from charging pupils residing in the city matriculation or admission fees before admitting them to the benefits of the public schools; but the judgment was wrong in so far as it undertook to interfere with the above mentioned payments by the county school commissioner, and also wrong in

enjoining the defendants from maintaining schools for a longer period than six months in each year, or from using for this purpose the funds received by them.

*Judgment affirmed in part, and in part reversed.*