## BOARD OF PUBLIC EDUCATION *et al. v.* FELDER *et al.*

1. Where the board of education having in charge the management and control of the public school system of a city has enacted an alleged illegal requirement for admission to the public schools, the remedy of a parent whose child has been denied admission to such schools is by mandamus to compel the proper officer to admit the child, and not by injunction to restrain the enforcement of the alleged illegal requirement.
2. Where an action is brought by several parties as citizens and taxpayers to prevent the enforcement of an alleged illegal regulation such as is indicated in the preceding headnote, and on the hearing only one of the plaintiffs is shown to be a parent with children of school age, and it appears that his children are not subject to the operation of such requirement, no right to the relief prayed for is established.

Submitted November 24, — Decided December 12, 1902.

Injunction. Before Judge Littlejohn. Sumter superior court. September 13, 1902.

*Blalock & Cobb, Hooper & Dykes,* and *Maynard & Lane,* for plaintiffs in error. *James Taylor,* contra.

CANDLER, J. This was a petition by Felder and others, suing as citizens and taxpayers of the City of Americus, seeking to enjoin the Board of Public Education of that city, "a body politic and corporate under and by virtue of the laws of Georgia, the design of which is to manage and superintend the public education of the children of Americus," from enforcing a resolution passed by the defendant, the effect of which was to deny admission to the public schools to the children of all parents who, if subject to poll tax, had not paid same up to and including the year next preceding that during which the child was sought to be entered in school, and to require the superintendent to obtain from the tax-collector a list of all persons subject to poll tax who had not paid same. The defendant demurred, on the grounds, (1) that there was no equity in the petition, and the plaintiffs had a complete remedy at law; (2) that the petition failed to set out that the plaintiffs had any children who had been denied admission to the public schools under the resolution complained of, and failed to show that they or either of them were injuriously affected by the operation of the rule; (3) that if the plaintiffs had any right at all, under the law it was an individual, and not a public right, and the petition failed to show any community of interest between the plaintiffs, or that the public

was injured or damaged by the operation of the rule. This demurrer the court overruled. So far as appears from the record, the only witnesses introduced on the hearing were Hudson, one of the plaintiffs, who swore that he was a resident and taxpayer of the City of Americus, and that his children had been refused the right to register and be admitted to the public school of Americus; and Mathis, the superintendent of the public schools, who testified that Hudson's children had been denied the right to register, but that later it was found that they were entitled to register, and they were then admitted to the public school. The court, after argument of counsel, passed an order enjoining the defendant as prayed in the petition; and to that order, and also to the overruling of its demurrer, it excepted.

1. In the view that we take of this case, it is not necessary to pass upon the legality or validity of the resolution the enforcement of which the plaintiffs below sought to enjoin; for, whatever the merits of the contentions of the parties as to that feature of the case, it is clear that the plaintiffs have not pursued the proper remedy to redress their alleged grievances. It is an elementary proposition that the preventive aid of a court of equity will not be extended in behalf of a plaintiff who has a complete and adequate remedy at law. If, as contended by the plaintiffs and set up in their petition, the resolution passed by the Board of Public Education of Americus, restricting the right to enter the public schools to those children whose fathers had paid their poll tax, was illegal, invalid, and without authority, the officer of the defendant whose duty it was to admit pupils to the public schools could not, upon proper application, legally refuse to admit a child by reason of the provisions of that resolution; and in the event that he did so refuse, the remedy by mandamus would lie to compel him to perform his duty regardless of the obnoxious resolution. It will not, of course, be questioned that the granting of admission to the public schools by the proper officer of the school board to a child entitled to such admission is a ministerial act of a public officer, to compel the performance of which mandamus will lie, or that mandamus is a common-law remedy. Conceding that the resolution objected to was illegal, the effect of its enforcement would be merely to prevent the performance by the school superintendent of a duty imposed upon him by law and which he owed to certain citizens;

and it is well settled that "mandamus and not injunction is the proper remedy where nothing is sought but the enforcement of a legal duty." 19 Am. & Eng. Enc. L. (2d ed.) 721, and cases cited.

2. The resolution of which the plaintiffs complained in their petition was not one affecting the rights of the public, and its enforcement, if illegal, gave no right of action to one not affected by its operation. One not a parent of a child or children of school age who had been denied admission to the public schools by virtue of the resolution could not bring suit against the defendant on account of its enforcement, even though he were a citizen and taxpayer. No evidence seems to have been introduced on the hearing as to whether any save one of the plaintiffs had a child or children; and it affirmatively appeared that the children of that plaintiff, though at first denied admission, had subsequently been admitted to school by the proper authority, and were therefore not affected by the resolution the legality of which it was attempted to call in question. Clearly, then, no right of action was shown in any of the plaintiffs. The court below erred in overruling the demurrer to the petition, and in rendering the judgment to which exception was taken.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*