## WILSON et al. v. STANFORD et al.

1. The authorities in charge of a public school conducted in a district under the general law of the State as a part of the school system thereof can not lawfully require the payment of a matriculation fee by scholars, as a condition of their admission to such school, or remaining in attendance thereon.
2. If the authorities of a private school established in a school district what they termed "a common-school department" of their institution, and the county board of education employed teachers therefor and paid for their services from the public-school fund, in lieu of establishing a separate public school, the school officials so operating the "common-school department" and accepting the benefits of the public-school fund were estopped from denying that it was subject to the constitutional provision applicable to the public-school system of the State, making the common schools free to the children of the State.
3. Under the facts stated in the preceding headnote, the school authorities could not lawfully exclude from "the common-school department" children otherwise qualified to attend the public school of the district, because of a refusal by them or their parents to pay a matriculation fee demanded of them.
4. If a board of education, and persons conducting a common school under them, have made an illegal requirement for admission to such school, a parent whose child has been thus excluded may have a remedy by mandamus to compel its admission.
5. The legality of the arrangement between the "Union Baptist Institute" and the county school authorities was not called in question by either party in the court below, or passed on there, and this court makes no decision in regard to it.

Argued May 8,—Decided November 19, 1909.

Mandamus. Before Judge Martin. Montgomery superior court. February 10, 1909.

Stanford and others, as citizens and taxpayers of the Mount Vernon and Ailey public school district of Montgomery county and patrons of the common public school thereof, applied for a mandamus against the county school commissioner, the members of the board of trustees of the common school of that district, and

certain persons as teachers of such school, to require them to admit to the school the children of the petitioners, who were alleged to have been unlawfully excluded therefrom. The case was submitted to the presiding judge on an agreed statement of facts, as follows: "That to become a student of the Common School department of the U. B. I. for the spring term, 1909, beginning January 5th and continuing one hundred scholastic days, it is necessary for each child, although within the legal age and residing within the Mt. Vernon and Ailey School district, said State and county, to purchase and present a matriculation card, which said card to cost $2.50. That fourteen out of the original twenty-nine children, sent away from the said school on the 19th day of January, are still remaining out of school, on account of their failure to pay the alleged matriculation fee. That they are children of petitioners. The school authorities refuse to admit the said fourteen children in the public-school grades until the said matriculation fee is paid. That the said number of children are within the legal school age, and are residents of the said Mt. Vernon and Ailey school district. That the county of Montgomery has been divided into school districts under the McMichael bill. That the said public school is within the Mt. Vernon and Ailey school district of said county, and is the only school in the district for white children. That the parties named as defendants are residents of said State and County, and hold the office alleged in paragraph 2 of plaintiff's petition. That prior to the 19th day of January, 1909, the children attending said school had been requested to purchase their matriculation card. That on the said date they, not having the said cards, were requested to go home and get the same, twenty-nine of whom went away; fifteen of which number returned with their cards and matriculated into the said school; the remaining fourteen, not having purchased their cards, will not be permitted to matriculate in the common school department of the said school. That petitioners are either residents or taxpayers of said State and county, and are patrons of the said public school, and residents of the Mt. Vernon and Ailey School district. That the said teachers named as defendants are hired and paid for their services by the Board of Education of Montgomery County, Georgia, out of the public-school fund." The mandamus was granted, and the respondents excepted.

*W. M. Lewis, W. L. Wilson, M. B. Calhoun,* and *James K. Hines,* for plaintiffs in error.

*A. C. Saffold* and *Eugene Talmadge,* contra.

LUMPKIN, J.   (After stating the foregoing facts.)

The schools forming part of the common-school system of the State shall, by express provision of the constitution, be free to the children of the State.   Constitution of 1877, art. 8, sec. 1, par. 1 (Civil Code of 1895, §5906).   A charge for matriculation can not be imposed as a condition of admission, to a public school forming a part of such general system, of a child living in the territory of the school and otherwise qualified.   *Irvin* v. *Gregory,* 86 *Ga.* 605 (13 S. E. 120); *Mayor and Council of Gainesville* v. *Simmons,* 96 *Ga.* 477 (23 S. E. 508); s. c. 99 *Ga.* 400 (27 S. E. 710); *Edalgo* v. *Southern Railway Co.,* 129 *Ga.* 266 (58 S. E. 846).   A private school can not establish a "common-school department" in a school district, make an arrangement by which it gets for such "department" the benefit of the common-school fund of such district, in lieu of the establishment of a separate common school, have teachers therefor paid by the board of education of the county, and yet claim that such "department" is not subject to the laws governing common schools. If the "department" is not to operate as a common school, how can it receive the benefit of funds which can only be lawfully applied to common schools?   If it is claimed that it is a common school so as to receive the benefit of such funds, how can it escape being bound by the law governing such schools?   It is immaterial for what purpose the school authorities may have desired to use the additional funds arising from matriculation fees.   There is no law authorizing the collection of such fees as a condition of admission to the "common-school department," or remaining therein.

Mandamus was the proper remedy.   *Board of Public Education* v. *Felder,* 116 *Ga.* 788 (43 S. E. 56).   Neither side invoked or obtained any ruling of the trial court as to whether the arrangement made between the county board of education and the authorities of the "Union Baptist Institute," and the application of the public-school fund accordingly, was lawful, and this court will accordingly make no decision on that point.

*Judgment affirmed.   All the Justices concur.*