## BREWER *et al. v.* RAY.

1. The authorities in charge of a municipal public school, conducted under the general law of the State as a part of the school system thereof, can not lawfully require the payment of a matriculation fee by children of school age residing in the municipality, and who are otherwise qualified, as a condition to their admission to the "common-school department" of such school.
2. Whether a matriculation or monthly tuition charge may be lawfully exacted of children of school age residing in the municipality as a condition to their admission to what is termed "the high-school department," the "high-school department" covering a course of study not prescribed by the State board of education, is a question not raised by the record in the present case and is therefore not decided.
3. Under the facts of the instant case the court did not err in striking the plea in abatement and ordering the mandamus absolute to issue.

No. 1391. DECEMBER 11, 1919.

Mandamus. Before Judge Irwin. Haralson superior court. March 13, 1919.

R. B. Ray filed a petition for mandamus against the board of education of the City of Tallapoosa and the superintendent of the public schools of that city. He alleged that the superintendent, under the direction of the board, had unlawfully required the payment of a matriculation fee of $1.00 and a monthly tuition of $1.50 of his daughter, who was seventeen years of age, as a condition to her admission to the public schools of the city. He prayed that the superintendent and the board of education be required to admit his daughter without requiring, as a condition to her admission, the payment of the matriculation fee and the monthly tuition charge. The superintendent of schools and the treasurer of the board, on whom service was perfected, filed a plea in abate-

ment, upon the ground that neither the individual members composing the board of education of the city nor a majority of them had been made parties defendant. The superintendent of schools, the treasurer, the president of the board of education, and the board of education of Tallapoosa filed an answer denying that a tuition fee was charged pupils desiring to enter the common-school department of the schools, but admitting that a matriculation or incidental fee of $1.00 was required of all children desiring to enter the school, and that monthly tuition charges of $1.50, $2.00, and $2.50 were required of all pupils desiring to enter the eighth, ninth, and tenth grades, respectively, these grades comprising the "high-school department." It was also averred that the increased cost of operating the school made it necessary to exact the payment of the matriculation fee and tuition charges aforesaid. The case was heard by the judge upon an agreed statement of facts, and upon certain affidavits offered by the defendants. It appeared that the plaintiff and his family moved to the City of Tallapoosa about the first day of December, 1918, nearly three months before the filing of the petition for mandamus, for the purpose of making that city their home; that the plaintiff's daughter is seventeen years old; that the school is supported by funds derived from local taxation and the pro rata share of the State school fund, which the county school commissioner of Haralson county is required to pay to the board of education of the City of Tallapoosa; that the funds available are not sufficient to pay the operating expenses of the school; that the uniform course of study as required by the State board of education is covered in the first seven grades; and that the eighth, ninth, and tenth grades comprise the "high-school department" of the school. The plea in abatement was stricken, and the court ordered the mandamus absolute to issue. The superintendent of schools, the treasurer, and the president of the board of education excepted.

*M. J. Head* and *Edwards & Edwards,* for plaintiffs in error.

*J. M. McBride,* contra.

GEORGE, J. (After stating the foregoing facts.)

1. The constitution of 1877 provides: "There shall be a thorough system of common schools for the education of children in the elementary branches of an English education only, as nearly uniform as practicable, the expenses of which shall be provided for

by taxation, or otherwise. The schools shall be free to all children of the State, but separate schools shall be provided for the white and colored races." Art. 8, sec. 1, par. 1 (Civil Code, § 6576). The legislature, by an act approved August 17, 1911, proposed an amendment to this provision of the constitution by striking therefrom the words "in the elementary branches of an English education only." This amendment was subsequently ratified. The constitution also provided that "authority may be granted to . . municipal corporations . . to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each . . municipal corporation and approved by two-thirds majority of persons voting at such election." Art. 8, sec. 4, par. 1 (Civil Code, § 6579). Under the authority therein given, the legislature, by an act approved December 26, 1888, made provision for the establishment of a system of free public schools in the City of Tallapoosa, to be maintained by local taxation. Acts 1888, p. 331. By section one of the act the corporate authorities of the City of Tallapoosa were authorized and empowered to collect a tax annually, "not to exceed one half of one per centum on the assessed value of the taxable property of said city, for the purpose of establishing and maintaining a system of free public schools in said city." Section three vested the government of the schools in a board of education for the city, consisting of five citizens. The board was given authority "to employ teachers for said schools and fix their compensation' and prescribe their duties, . . dictate the course of studies, . . the number and character of text-books," etc. Section six of the act is as follows: "The schools established by authority of this act shall be free to all children residing within the corporate limits of Tallapoosa. Children of non-residents may be admitted to said schools upon such terms as may be prescribed by the board." By section eight of the act the county school commissioner of Haralson county was required to pay over to the board of education the pro rata part of the public-school fund due said schools. It will be seen that the public schools thus established are a part of the common-school system provided for by the constitution. They must therefore conform in all respects to the requirements of the constitution. The authorities in charge of a municipal public school,

conducted under the general law of this State as a part of the school system thereof, can not lawfully require the payment of a matriculation fee by children of school age living within the municipality and who are otherwise qualified to enter "the common-school department" of said school. *Wilson* v. *Stanford,* 133 *Ga.* 483 (66 S. E. 258), and authorities there cited. With respect to such children desiring to enter what may be termed the "common-school department," the rule above stated is without exception on the ground of necessity, the necessity will always be found to exist.

The record discloses that the uniform course of instruction as required by the State board of education was covered in the first seven grades of the Tallapoosa public schools. It also appears that the eighth, ninth, and tenth grades constituted the high school. It is alleged in the answer of the respondents that the plaintiff's daughter desired to enter the eighth grade of the public school, but no evidence was offered in support of this allegation. So far as the record discloses, the defendants' answer was not offered as evidence or considered as such by the court. Whether, therefore, the board of education could lawfully require the payment of a matriculation fee by a child within the school age who desired to enter the high-school branch of the schools in question is not involved, and no decision is made upon that question. See article 8, sec. 5, par. 1, of the constitution (Civil Code, § 6580).

2. The individual members of the board of education were not made parties defendant, but the board of education appeared in response to the rule nisi and made answer, as disclosed by the record. The plea in abatement was therefore properly stricken.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*