CLAXTON *et al.*, trustees, *v.* STANFORD *et al.*

PER CURIAM. 1. Under art. 8, sec. 1, par. 1, of the constitution of this State (Civil Code of 1910, § 6576), as amended, "there shall be a thorough system of common schools for the education of the children, as nearly uniform as practicable, the expense of which shall be provided for by taxation, or otherwise. The schools shall be free to all children of the State, but separate schools shall be provided for the white and colored races." Acts 1911, p. 46.

2. A charge for matriculation can not be imposed as a condition precedent to admission to a public school forming a part of such general system, of a child living in the territory of the school and otherwise qualified. *Irvin* v. *Gregory*, 86 *Ga.* 605 (13 S. E. 120); *Mayor &c. of Gainesville* v. *Simmons*, 96 *Ga.* 477 (23 S. E. 508), s. c. 99 *Ga.* 400 (27 S. E. 710); *Edalgo* v. *So. Ry. Co.*, 129 *Ga.* 258, 266 (58 S. E. 846); *Wilson* v. *Stanford*, 133 *Ga.* 483 (3), 485 (66 S. E. 258); *Brewer* v. *Ray*, 149 *Ga.* 596 (101 S. E. 667).

3. Mandamus is an available remedy to require a board of trustees of a school district in this State to perform a duty imposed upon them by law. *Mattox* v. *Board of Education*, 148 *Ga.* 577, 581 (97 S. E. 532, 5 A. L. R. 568); *Wilkerson* v. *City of Rome*, 152 *Ga.* 762 (3) 110 S. E. 895).

4. Where certain resident citizens and taxpayers of a local school district, whose children were refused admission to a public school without the prepayment of a matriculation fee, brought a petition for mandamus against the trustees of the public school, and others, in order to require them to admit such pupils to the school without the prepayment of the matriculation fee; and where the trustees filed an answer to the petition, which, considered in connection with the petition as amended, showed that there was an agreement between the trustees and the superintendent of the school, that the latter should continue to conduct the school in the public-school building for the balance of the period of nine months so as to make the school "an accredited school," the trial judge was authorized to hold that, though in the answer it was claimed that the school was a private school, it was in fact a public school having the same character it had before this agreement was made; and consequently, under the principles ruled in the preceding three headnotes, the court did not err in making the mandamus absolute.

*Judgment affirmed. All the Justices concur, except Hill and Gilbert, JJ., dissenting.*

No. 4832. JULY 18, 1925.

Mandamus. Before Judge Camp. Johnson superior court. March 17, 1925.

*C. S. Claxton* and *W. C. Brinson,* for plaintiffs in error.

*Evans & Evans,* contra.

RUSSELL, C. J., concurring specially. I think the trial judge was authorized by the pleadings to assume the school, as and where it was being conducted, to be a public school. The statement in the pleadings that it was a private school was a mere conclusion of the pleader, and the judge was amply authorized by the statements and admissions in the pleadings to find as a matter of law that the school was in fact a public school, and that the efforts to avoid the action sought by the petitioners by conducting a public school illegally had been aborted. A school whose very

48

existence depended upon antecedent action by the school officers charged by law with the conduct of the schools of Johnson County and of the particular trustees of this school district, and which could not be taught except by the use of a schoolhouse exclusively devoted by law (however illegally it may be otherwise used at times) to the purpose of education at the hands of the State, must of necessity be considered a public school, unless we violate without cause the presumption that public officers do their duties. It appears that the school was being conducted at the time that the matter was before the trial judge, and had been conducted since April. When April was reached, the public funds, as alleged, had been exhausted. The school proceeded just as before, except that the board had decided that those who did not pay a matriculation fee of $3 should be excluded. In my opinion, this is a clear violation of the law which prohibits the charge or collection of such matriculation fees, and the trial judge did not err in ordering that in the school as thus created, and as and where taught, the children of the petitioners should be admitted without payment of this charge designed to enforce the collection of sufficient money to pay the teachers and continue the term so as to make the school in question an accredited school by a method not authorized by the laws of this State. Under the form of the judgment the defendants had the option to suspend the school. But if by a mere contrivance which the trial judge, to my mind, detected and clearly analyzed, a school in effect a public school, conducted under the regulations and in the same building and by the same teachers as it was conducted until the alleged exhaustion of the public funds, and brought into existence by the unauthorized and illegal act of the school authorities, was to be continued, every child of school age, whether willing and able to pay the $3 matriculation fee or financially unable to obtain $3, alike had the right to share in the benefits of the facilities afforded.

HILL, J. I dissent from the opinion of the majority of the court as announced in headnote 4. It is assumed in the opinion that the school in question is "a public school," whereas the petition and the amended answer of the defendant make an issue of fact as to whether the school in question is a public or a private school. The petition alleged that it was being operated as a public school. The amended answer averred that the "superintendent of

said school, desiring the school to run for a period of nine months, as well as the patrons and taxpayers of said district, in order to be an accredited school, agreed to run said school on its merits, strictly as a *private school* for and during the months of September and October, 1924, and May, 1925, and pay the teachers from the matriculation fees that he might receive, the board of trustees consenting for the use of the school building for said purposes." And further, that the superintendent "is now operating said school dependent solely on the matriculation fees collected from said pupils, with which to pay the teachers and other incidental expenses during the months of September and October, 1924, and May, 1925; that said school at this time is not being operated under the jurisdiction of the trustees, and they have nothing whatever to do with the operation of said school until October 27, 1924." This raised an issue of fact which a jury alone can determine; and therefore I think that the court below erred in passing upon this issue of fact and deciding that the school was a public school, and in making the mandamus absolute. I am authorized to state that Mr. Justice Gilbert concurs in this dissent.