SHERMAN et al. v. BOARD OF EDUCATION OF BARTOW COUNTY et al.

GILBERT, J. Sherman and others, as taxpayers, filed an equitable petition against the Board of Education of Bartow County, the superintendent of schools of said county, the principal of the Barnsley public school, and the "attendance officer" of said board, alleging they were parents of children attending said school; that said "attendance officer" had "given orders that all pupils attending said school who were between the ages of eight and fourteen years be vaccinated, and that such as did not submit to such vaccination should be refused seats or expelled from school until vaccinated;" that said principal, "unless enjoined by this court, will deny admission to said children named and all other children attending said school between the ages of 8 and 14, and will thereby expel them from school, thereby depriving them of their legal rights under the school laws of the State, and the benefits of the school funds of the State, as well as the benefits of the funds paid by their parents as local school tax;" and that prior to the beginning of the school term 1926-1927 there was no requirement of vaccination of pupils in said school. The prayers were that the de-

Injunctions, 32 C. J. p. 324, n. 73; p. 341, n. 3.
Schools and School Districts, 35 Cyc. p. 1117, n. 59.

fendants be enjoined from denying to children of petitioners or other children admission because of failure or refusal to be vaccinated, and from expelling any of said children therefor. The defendants filed a general demurrer on the grounds that plaintiffs had an adequate remedy at law by mandamus if admissions were refused, and that the allegations of the petition did not entitle plaintiffs to the relief sought. *Held:*

1. The court did not err in sustaining the general demurrer. *Board of Education* v. *Felder,* 116 *Ga.* 788 (43 S. E. 56).

2. The duty of the attendance officer as prescribed by law is "to report to the board of education failure of attendance on the part of pupils between the ages of eight and fourteen years." Ga. Laws 1919, p. 360. As alleged, the order of the attendance officer is void. The allegation that the principal would deny admissions unless enjoined is a mere conclusion of the pleader.

*Judgment affirmed. All the Justices concur.*

No. 6057. FEBRUARY 15, 1928.

Equitable petition. Before Judge Pittman. Bartow superior court. April 25, 1927.

*M. B. Eubanks,* for plaintiffs. *G. H. Aubrey,* for defendants.