MOORE *et al. v.* BRINSON, superintendent, *et al.*

No. 7570.   JUNE 17, 1930.

684

*H. Alonzo Woods* and *N. J. Smith,* for plaintiffs.

*I. W. Rountree,* for defendants.

HINES, J. The facts appear in the statement preceding this opinion. Our able and learned brother of the trial court based his judgment upon the proposition that the equity of the petition was sworn off by the answer of the defendants, and by the evidence which was introduced by them in support thereof. This proposition is not supported in toto by the denials of the answer and by the evidence in support thereof. The petitioners alleged that their children attended this school until October 21, 1929, when the superintendent informed them that they must pay a specified amount as tuition, or cease to attend school. The defendants denied this allegation. In paragraph six of the petition it is alleged that on October 21, 1929, the superintendent of the school, acting upon the instruction of the trustees of the school, caused the children of petitioners to be separated from the student body as a whole, placed them in a separate schoolroom, regardless of their ages, grades, or degrees of advancement, under the watch and tutelage of one teacher; and that the rest of the student body obtained the usual course of instruction, which was denied to these children. The defendants deny the allegations of this paragraph as pleaded. They allege that at the beginning of the school term a common or free school was established, that a first-grade teacher was placed in charge thereof, that the regular course of study prescribed by the State Board of Education had been

followed, that every provision was made and every advantage was given for the instruction of the pupils of the free-school department which is prescribed by law and enjoyed by the older pupils of the school district, and that the children of petitioners were enjoying the usual course of study under a competent first-grade teacher. The defendants further set up that the Emanuel County Institute is rated in group 1 as an accredited high school; that among the requirements of said school is one that there must be nine-months instruction through the seventh grade or common school; that the funds supplied by the county and by local taxation are sufficient only to provide for seven and a half months of school; that the total expense of one and a half months must be supplied by the patrons in order for the school to maintain its rating and standing; that a majority of the teachers in the common-school department must have normal certificates, and three fourths of the teachers of the high school must have degrees in order to maintain the classification which the school is now enjoying; and that such teachers can not be obtained with the funds furnished by the county. In addition to furnishing one and a half months extra school term and supplementing the salaries of the teachers, it is necessary to use five trucks in bringing the children to school, and the school district must provide for the incidentals of the school. In order to supply these incidentals a considerable expenditure is necessary. In order to provide the necessary funds to meet these expenses the amount obtained from the county and by local taxation must be supplemented. To accomplish this the trustees of the school called a mass meeting of its patrons, and, after going over the needs of the school with them, ascertained that it would be necessary to request a matriculation fee of $3.50 through the third grade, $4.00 through the seventh grade, and $5.00 in the high school for the fall and spring terms each. The defendants further set up that the petitioners are able to pay the fees designated for their children; but that, in order to take care of any who are not able or who are unwilling to pay these fees, a common-school department or free school was established and opened on the opening day of the school, as the other departments of the school in the same building and under the same conditions as the other schools are operating, and a competent first-grade teacher provided; and that the children

of all parents who do not care to assist in supplementing the teachers' salaries and in paying the extra amount to the truck drivers, and who do not care to provide for any of the incidentals and the extra one and a half months of instruction, were placed in the free-school department, and were given instructions in the regular course of study prescribed by the State.

These allegations of the answer do not deny the discrimination which petitioners charge is made against their children when admitted to this school. On the contrary the answer establishes this discrimination. Children whose parents pay the matriculation fees enjoy the full benefits of the school from the first to the seventh grade. The children of parents who do not pay the matriculation fees are put in a separate room which the trustees denominate the free-school department of the institute, and are furnished with a first-grade teacher only. It is clear that these children do not receive the same and equal benefits which the pay children get in this school. The school is not free to the nonpay pupils. Their privileges are circumscribed. Their opportunities are not equal. They are placed in a position of more or less humiliation. A charge for matriculation can not be imposed as a condition precedent to the admission of children to a public school forming a part of the general school system of children living in the territory of the school and otherwise qualified. *Irvin* v. *Gregory,* 86 *Ga.* 605 (13 S. E. 120); *Mayor &c. of Gainesville* v. *Simmons,* 96 *Ga.* 477 (23 S. E. 502); *Edalgo* v. *Southern Ry. Co.,* 129 *Ga.* 258, 266 (58 S. E. 846); *Wilson* v. *Stanford,* 133 *Ga.* 483 (3), 485 (66 S. E. 258); *Brewer* v. *Ray,* 149 *Ga.* 596 (101 S. E. 667); *Claxton* v. *Stanford,* 160 *Ga.* 752 (128 S. E. 913). Under article 8, section 1, paragraph 1, of the constitution of this State (Civil Code of 1910, § 6576), as amended (Acts 1911, p. 46), "there shall be a thorough system of common schools for the education of children, as nearly uniform as practicable, the expenses of which shall be provided for by taxation, or otherwise. The schools shall be free to all children of the State, but separate schools shall be provided for the white and colored races." *Claxton* v. *Stanford,* supra. A public school which makes a discrimination between children of parents who pay matriculation fees, and the children of parents who do not pay such fees, violates

the above provision of the constitution that the public schools shall be free to all children of this State.

*Judgment reversed. All the Justices concur.*