### BOSTICK v. CHOVIN.

HOMESTEAD—WILL.—A HUSBAND may devise his homestead set apart to him in his lifetime. *Hendrix* v. *Seaborn,* 25 S. C., 481, *distinguished from this.*

Before ALDRICH, J., Barnwell, November, 1898.    Reversed.

Action for possession of real estate by Augusta A. D. Bostick against Eloise Chovin.    From order overruling demurrer to answer, plaintiff appeals.

*Mr. I. L. Tobin,* for appellant, cites: 25 S. C., 481; 36 S. C., 576; 25 S. C., 99; 19 S. C., 242; 20 S. C., 248.

*Messrs. W. S. Tillinghast* and *A. B. Connor,* contra, cite: 27 S. C., 109; 42 S. C., 138; 25 S. C., 481; 21 S. C., 127; 41 S. C., 117; 45 S. C., 51; 49 S. C., 54; 19 S. C., 243.

June 28, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The contention here will be more readily apprehended if the pleadings are reproduced.    "The complaint of the above named complainant shows: That the plaintiff is seized in fee of the following tract of land, to wit: All that certain tract of land * * * containing 300 acres, more or less, better known as the land set apart by commissioners in homestead to the late William Bostick * * *.

That the defendant, Eloise Chovin, is in the possession of said premises, and unlawfully withholds the same from the plaintiff * * *."

1st. The answer denies that plaintiff is seized in fee and entitled to the possession of the tract of land described in the complaint. 2d. Admits the allegation of the complaint, that the land described in the complaint is "better known as the land set apart by commissioners in homestead to the late William M. Bostick," and alleges that said William M. Bostick, who is now dead, was the father of this defendant, and that in his lifetime, and while this defendant was living with him, and only eighteen years of age, said William M. Bostick, having judgments and other debts against him, and being seized in fee and in possession of a large body of land, including the tract described in the complaint, caused the land described in the complaint hereto to be assigned and set off to him, by legal proceedings, as his homestead under the statutes of this State. 3d. That the plaintiff was then the second wife of defendant's father, said William M. Bostick, and was living on said homestead with the family. And said William M. Bostick, by his last will and testament, devised said homestead, being the tract of land described in the complaint, to plaintiff, his second wife, in exclusion of his children and beneficiaries, under the homestead laws. Which this defendant alleges he had no power to do. 4th. Defendant denies that plaintiff is entitled to the possession of the entire homestead, to the exclusion of the children of said William M. Bostick. 5th. Denies that this defendant is in possession of the entire tract of land described in the complaint, but alleges that she is in possession of only 28 1-2 acres of same, and two rooms in the large dwelling house on said homestead, which she holds as a child and heir at law of said William M. Bostick, and as a beneficiary under the homestead laws of this State. 6th. That plaintiff has rented out all said tract of land except said small portion held by this defendant as aforesaid. 7th. Denies that this plaintiff is entitled to the possession of said portion of the homestead

occupied and used by this defendant as aforesaid, but that this defendant is entitled to the possession and use of same.

To this answer the plaintiff demurred on the ground that the same did not state facts constituting a defense to the plaintiff's cause of action, for the reason that it appears upon the face of said answer that the plaintiff derived her title to the land under the will of her husband, William M. Bostick, who was seized in fee simple of said premises, with the full and absolute right to dispose of the same by his last will and testament, which he did to the exclusion of the defendant. On hearing the demurrer, Judge Aldrich overruled the same. From this order of Judge Aldrich the plaintiff now appeals upon the single ground that the demurrer was sufficient in law to cause the said answer to be dismissed on the ground already herein stated.

This Court has repeatedly held that even where a homestead is actually laid off, that such exemption of property from the reach of creditors does not affect the title of the person who owns the land. The owner may either alien or mortgage such land. It is true, this homestead to William M. Bostick was set off to him under the act of 1873, under the Constitution of 1868 before it was affected by the amendment to the latter, adopted in the year 1880. See *Adger* v. *Bostick,* 12 S. C., 64, but this fact cuts no figure here, as Mr. Bostick died after the year 1880, to wit: in 1884—at which time whatever rights the plaintiff or defendant, or both, as it may be, may have had, were these acquired by creditors who alone could ask that a distinction be drawn touching the homestead under the Constitution of 1868 and act of 1873, and that under the amendment to the Constitution of 1880 and the acts carrying that into effect. If, then, we are to regard the latter, it becomes important to determine what meaning is to be ascribed to the power of alienation in the holder of the homestead. Does that power to alien terminate with his life, or may it be by devise? The case of *Hendrix* v. *Seaborn,* 25 S. C., 481, relates to the claim of a widow to a homestead in property in which the husband had

not claimed or had set apart to him a homestead while living, but, on the contrary, by his will directed that his property should be applied to the payment of his debts.　The Circuit Judge held that *devise* was a legitimate mode of alienation by the owner of land so as to fit the statutory requirement which, in effect, held that no way existed whereby the right of homestead might be waived except by alienation or mortgage, but this Court, when it was called upon to review this decision of the Circuit Judge, held that while in the broadest sense alienation covered *devise,* yet that in the construction of the statute, *devise* was not the alienation embraced in such instrument.　Such being the case, this Court held that the Circuit Judge was in error, and ordered that the widow should be allowed the homestead.　No doubt the Circuit Judge, in the case at bar, was influenced by this decision in reaching his conclusion.　A distinction is suggested between *Hendrix* v. *Seaborn, supra,* and the case at bar, in this particular; in the former case, Hendrix, the owner, never had a homestead assigned to him, and, under the statute, after his death the right existed in his widow to have a homestead asigned to her.　Such being the case, it was not in the power of Mr. Hendrix to deprive his widow of her right of homestead in his property after his death.　In the latter case, the right of homestead was claimed and accorded to the husband, Mr. Bostick, in his lifetime.　There can only be one claim of homestead in the same property, which single right must be claimed, under the statute, by the husband, or the wife, or the children in the order named.　Therefore, when Mr. Bostick had the homestead set apart to himself, no claim of homestead in the same property could be set up by his widow or his children.　That being so, and the title to these lands having already been in William M. Bostick, as long as he lived, notwithstanding the homestead proceedings, if he saw proper to dispose of them by will, the title vested in his devisee at his death; if he made no will, but died *intestate,* then the title would vest in his heirs at law.　The writer of this opinion is reluctant to deprive the defendant of a home

upon her father's lands, which the law wisely set apart to him freed from all claims by his creditors, but it seems it must be done.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and that the action be remanded to the Circuit Court for such further proceedings as may be necessary.

*Mr. Chief Justice McIver concurs in result.*