### *EX PARTE* BULLOCK.

HOMESTEAD.—A widow cannot reject the provisions made for her in her husband's will, and have homestead set apart to her out of lands devised. . *Ex parte Worley,* 54 S. C., 208, *distinguished from this.*

Before WATTS, J., Greenwood, November, 1899. Reversed.

Petition by Parmelia G. Bullock for homestead out of lands devised by husband. Devisee, D. M. Bullock, testified that the debts were only $200. or $250, and that the crop would pay them, and if not he would do it. From order sustaining master in allowing petitioner homestead, D. M. Bullock, devisee, appeals.

*Messrs. Giles & Magill* and *Eugene W. Able,* for appellant, cite: 56 S. C., 173; 54 S. C., 208; 20 S. C., 248.

*Mr. W. R. Blake,* contra, cites: *On main question:* 54 S. C., 208; 20 S. C., 246; 25 S. C., 1, 309.

July 16, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record contains the following statement of facts: "David C. Bullock died 2d day of May, 1898, seized and possessed in fee of a tract of land of 150 acres, more or less, in Cooper Township, Greenwood County, whereon he lived, leaving surviving him his widow, Parmelia G. Bullock, and D. M. Bullock, Albert Bullock, Martha Parkman, Mary Polatti, children of a former marriage, all adults, and none of whom lived on the premises. That the petitioner's mother lives with her on said premises. That said David C. Bullock left a will, recorded in office of probate judge for Greenwood County, the provisions of which petitioner refuses to accept. That no process has been lodged with any officer against the homestead. That the said Parmelia G. Bullock resides on the said premises with her mother. That D. M. Bullock was appointed under

the said will executor of the same, and qualified as such on the 5th day of May, 1898."

The first item of the said will provides for the payment of debts. In the second item the testator wills to the petitioner the homestead on which he resided, "so long as she may live." The third and fourth items are as follows: "3d. It is my wish and will that my son, David Manly Bullock, shall have free and undisturbed use of the entire balance of my real estate (except as to item 2), so long as my beloved wife, Parmelia G. Bullock, may live. 4th. At the death of my beloved wife, Parmelia G. Bullock, it is my wish and will for my son, David Manly Bullock, to have the entire real estate I may own, and at his death to go to his children that may be living."

The debts against the estate amounted to about $200. The Circuit Judge decided that the petitioner and the children of the testator were entitled to homestead.

David M. Bullock appealed upon exceptions which will not be considered *seriatim,* as the practical question raised by them is whether there was error in so ruling. It does not appear whether the debts were contracted prior or subsequent to the adoption of the Constitution of 1895. If they were contracted before the Constitution of 1895, the case of *Beaty* v. *Richardson,* 56 S. C., 173, shows that a devise by the testator would defeat the widow's right to claim homestead. If they were subsequently contracted, there are no provisions of the new Constitution requiring a different construction. The present case is materially different from *Ex parte Worley,* 54 S. C., 208, as in that case the widow had an interest in the land, while in this case she has none.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.