## 8274

### DAVIS v. MILADY.

HOMESTEAD—WILL.—A devise by a husband of land purchased after the Constitution of 1895, and since then set off to him and his wife as a homestead, is void as to the wife, and she is entitled to the possession of the homestead as long as she lives and at her death it passes to his devisee.

MR. JUSTICE FRASER *thinks the devise absolutely void.*

Before SPAIN, J., Richland, April term, 1912.   Modified.

Action by F. G. Davis, Admr., with the will of John Milady annexed, against Susan Milady *et al.*   Defendant Trannie Cooper appeals.

The master's report is:

"Said John Milady, deceased, undertook to dispose of his property, as aforesaid, by his will, as follows, to wit: 'After the payment of his just debts, to Trannie Cooper the tract above mentioned set off to him as homestead, and the remainder of his real and personal property to his wife, Susan Milady, but should she die or marry again, then upon her death or remarriage all his said real estate should go to Trannie Cooper in fee.'.

"The defendant, Susan Milady, is the widow of John Milady, and as such she claims, by her answer, the right to elect whether she will take under the will or not, and to withhold her election until the Court· has determined the issues which have been raised by the pleadings. And I find that she has such right.

"I find that no written assent has been given by the widow to this devise of the homestead of the deceased, and there are no creditors whose claims antedate the Constitution of 1895. The validity of this devise as against the widow is questioned in these proceedings.

"The provisions of the Constitution of 1895 (article III, section 28), 'That after a homestead in lands has been set off and recorded the same shall not be waived by deed of conveyance, mortgage or otherwise, unless the same be executed by both husband and wife, if both living,' are directed only against the waiver by the owner of the constitutional exemption against the coercive claims of creditors wishing to subject the land to the payment of debts. As said by the Arkansas Court in *Merrill* v. *Harris,* 41 L. R. A. 716: 'The Constitution does not in terms seek to do more than protect· from the grasp of creditors.' The lands set aside as homestead descend to the heirs or devisees of the homestead as other property, except that it is exempt from sale for the debts of the ancestor.

"There is no provision in the Constitution of 1895 different from the Constitution of 1868 sufficient to create a new estate in the lands or alter the power of the owner to either alien the land or dispose of it by will to his devisee. *Ex part Bullock,* 58 S. C. 238; *Sloan* v. *Hunter,* 65 S. C. 241, 242; *Bostick* v. *Chovin,* 55 S. C. 427.

"I, therefore, conclude that the devise to the defendant, Trannie Cooper, by John Milady of the lands allotted him as homestead, under the Constitution of 1895, is valid; and that Trannie Cooper is ·entitled to possession of these lands, subject to the right of the widow, Susan Milady, to dower

therein. The devisee takes the homestead lands free of any charge thereon for the debts of John Milady. *Bostick* v. *Chovin* and *Sloan* v. *Hunter, supra.* The debts are, therefore, payable only out of the personal estate of the testator, John Milady, and next out of the real estate devised to the widow for life, with remainder to Trannie Cooper."

The defendant, Susan Milady, appealed from this report, and the Circuit decree is:

"This case was heard by me at the first session of the spring term of this Court in 1912, on exceptions by the defendant to the master's report. The undisputed facts are that a tract of one hundred and ninety acres of land was duly laid off to John Milady as a homestead in July, 1902, such assignment being duly recorded; that said John Milady died on February 10, 1910, survived by a widow, but no issue, leaving of force his will and testament, dated March 11, 1908, whereby he devised, without the written assent or waiver of his wife, this homestead tract to Trannie Cooper, and some other property to his widow, Susan Milady. It also appeared, and is so found by the master, that there are no creditors whose claims antedate the Constitution of 1895. This action was brought by the plaintiff, as administrator, with the will annexed, against the widow, two cousins of deceased, Trannie Cooper and a creditor, for the construction, as to payment of debts and settlement of the estate.

"The master, to whom was referred all the issues of law and fact, reported that a homestead created no estate, but being merely an exemption from the claims of creditors, the devise by the testator of the homestead tract to Trannie Cooper was valid, and the widow could not contest it.

"The exceptions to this report, taken by the widow, allege error in this finding, and the conclusions based thereon.

"It has been settled by many decisions of the Supreme Court of this State, that such would be the case if this case

was governed by the Constitution of 1868 and the statutes passed in pursuance thereof. But with full knowledge by the constitutional convention of 1895, as the law presumes, of these decisions, the Constitution of that date provided, in section 28 of article III, 'that after a homestead in lands has been set off and recorded the same shall not be waived by deed of conveyance, mortgage or otherwise, unless the same be executed by both husband and wife, if both be living.' This is also the language used in 1 Civil Code of 1902, section 2630.

"The precise question now involved is, whether the word 'otherwise' in this enactment includes a devise. In my judgment it does. This word certainly must be construed to include something besides deeds and mortgages. Cool. Const. Lim., star page 58. It should include devises under the special meaning given the word 'otherwise' by the cases cited under this head in 6 Words and Phrases, sections 5105-5113. Such being so, to make the devise effective it must have been assented to by the wife, either before or subsequent to the husband's death. *Rohl* v. *Rohl,* 12 Minn. 13.

"And while it may be that such inhibition does not as such vest any estate in the wife, it nevertheless acts as a veto proper upon its alienation, encumbrance, lease, devise, etc. 15 A. & E. Enc. Law (2d ed.) 668.

"This being so, the attempted disposition of it either by specific or residuary devise, was ineffectual, and as to this specific tract of land, the testator, John Milady, died intestate. Being intestate, it passed by law to his statutory heirs at law.

"It is, therefore, adjudged and decreed, that the exceptions of Susan Milady to the master's report be sustained, and that it be referred to the master to report who are such heirs.

"All of the master's findings, not excepted to, are confirmed, and made the judgment of this Court."

The defendant, Trannie Cooper, appealed from said decree on the following exceptions:

1. "That his Honor, the presiding Judge, erred in holding and concluding as matter of law, that the precise question involved in the case at bar was whether the word 'otherwise' in the clause quoted from section 28, article III, of the Constitution, includes a devise; whereas, it is respectfully submitted, that the controlling question was, whether the word 'waived' in said clause is synonymous with conveyed or devised, and it is further submitted that it is not.

2. "That his Honor, the presiding Judge, erred in holding and concluding as matter of law, that the provision 'that after a homestead in lands has been set off and recorded the same shall not be waived by deed of conveyance, mortgage or otherwise, unless the same be executed by both husband and wife, if both be living,' contained in section 28, article III, of the Constitution, renders void and ineffectual a devise of such lands made by a husband, in order to carry out his intention as to his testamentary disposition of his property, other than subjecting such lands to the payment of debts, where his wife, if living, fails to consent to, or join in, such act of testamentary disposition.

3. "That his Honor, the presiding Judge, erred in holding and concluding as matter of law, 'that while it may be that section 28, article III, of the Constitution, does not vest any estate in the wife of the owner of lands allotted and set off to him as his homestead, yet such constitutional provision acts as a veto power upon such owner's right to alienate, encumber, lease or devise, such lands, after the allotment of homestead has been recorded; whereas, it is submitted, that the prohibition of the Constitution is directed only against the subjection of such lands to the coercive grasp of creditors, without the consent of both husband and wife, if both be living.

4. "That his Honor, the presiding Judge, erred in holding that the constitutional provision against the waiver of

the homestead exemption, without the concurrent act and consent of both husband and wife, if both be living, affects the power of the owner of such lands to dispose of the same, after the death of both husband and wife, and in not restricting the effect of such constitutional provisions to the term of the joint lives of husband and wife, and the life of the survivor.

5. "That his Honor, the presiding Judge, erred in holding that the attempted devise of lands set off to the owner as homestead, without the consent of his wife, being prohibited by section 28, article III, of the Constitution, as to lands so devised, or attempted to be devised, the testator should be held to have died intestate, and that such lands passed upon the death of the owner to his statutory heirs at law.

6. "That his Honor, the presiding Judge, erred in holding that the provisions of section 28, article III, of the Constitution, rendered a devise of lands which had been set aside as the devisor's homestead void, and caused the land to pass to the devisor's heirs at law contrary to the devisor's testamentary intention with reference to the disposition of his property."

*Mr. W. H. Townsend,* for appellant.

*Mr. Jno. J. Earle,* for plaintiff-respondent.

*Messrs. Shand & Shand,* for Susan Milady, respondent, cite: *The devise would be valid under Constitution of 1868:* 55 S. C. 429; 56 S. C. 186. *As to the force of "waived:"* R. & L. Dict. 1342. *Construction of "otherwise:"* 25 L. R. A. 280; 2 Wheat. 119; 83 S. C. 56. *The homestead can only be disposed of by joint devise:* 81 Am. Dec. 446; 9 Am. & Eng. Ann. Cas. 1; 15 Id. 1119; 59 Fla. 512; 21 A. & E. Ann. Cas. 246; 72 Minn. 83; 21 Cyc. 561;

15 Ency. 668; 100 Mass. 235; 8 L. R. A. N. S. 748; 11 L. R. A. N. S. 99; 41 L. R. A. 716.

*Messrs. Barron, Moore, Barron & McKay,* for certain creditors, respondents.

July 30, 1912. The opinion of the Court was delivered by

MR. JUSTICE WATTS. John Milady acquired a tract of land in 1900. It was assigned to him as a homestead in 1902 and the assignment recorded. He died in 1910, survived by a widow, Susan Milady, and his next of kin were some cousins, owing no debts contracted prior to 1896 and leaving of force a will whereby he devised this tract of land to a stranger without assent, written or otherwise, of his surviving widow. This action was commenced to obtain a construction of the will of John Milady. All issues of law and fact were referred to A. D. McFadden, Esq., master for Richland county, to try all issues and report his findings of facts and conclusions of law. His report and exceptions thereto and the decree of his Honor, Judge Spain, and exceptions thereto should be set out in the report of the case.

The only question on this appeal is whether the devise under the will of John Milady is valid, the master holding that it was and the Circuit Court reversing the master's report, and Susan Milady denies that the devise is valid. Such devise would be valid if testator had died prior to the Constitution of 1895 or if the homestead had been laid off prior to 1895. *Bostick* v. *Chavin,* 55 S. C. 429, 33 S. E. 508; *Beaty* v. *Richardson,* 56 S. C. 186, 34 S. E. 73. Or perhaps if he had purchased the land prior to 1895. In *Ex parte Bullock,* 58 S. C. 329, 36 S. E. 563, no homestead had been laid off. So, too, in *Geiger* v. *Geiger,* 57 S. C. 521, 35 S. E. 1031.

But the Constitution of 1895, article III, section 28, provides: "That after a homestead has been set off and

recorded the same shall not be waived by deed of convey-
ance, mortgage or otherwise, unless the same be executed
by both husband and wife, if both be living."   See also
Code of Laws 1902, section 2630.   This limitation of the
power of disposition was not in the Constitution of 1868,
and, therefore, was purposely added to make some change
in the rights which the Court had held to exist under the
former instrument.

Judge Cooley, says the Court, "must lean in favor of a
construction which will render every word operative rather
than one which may make some idle and nugatory.   This
rule is applicable with special force to written constitutions
in which the people will be presumed to have expressed
themselves in careful and measured terms corresponding
with the immense importance of the powers delegated, leav-
ing as little as possible to implication.   It is scarcely con-
ceivable that a case can arise when a Court would be justifi-
able in declaring any portion of a written Constitution
nugatory because of ambiguity."   Cooley's Const. Lim. 58.

What is the force of the word "waived?"   It is clear
that it cannot exclude a grant, or a mortgage, or any other
disposition which may be included in the word "otherwise."
In R. & L. Dict., page 1342, it is said: "A person is said to
waive a benefit when he renounces or disclaims it. * * * A
waiver may be expressed or implied," and the Century Dic-
tionary defines it to be "the intentional relinquishment of a
known right."   Therefore, a deed or devise would be a
relinquishment of a right of ownership, and a devise of the
right of inheritance which the party waiving would other-
wise possess.   A deed operates as a grant, but also as an
estoppel and as a waiver.

The other word which requires a construction is the word
"otherwise."   Does it include a devise?   We think so.   The
Constitution intended to prevent the alienation of the home-
stead when once set off, either by deed, or devise or in any
other manner, unless the wife joined with the husband in

the execution of the conveyance, whether by deed, mortgage or whatever means it was attempted to be conveyed or waived. Prior to 1895 it was held by the Courts that the homestead, allowed under the Constitution of 1868, did not prevent the head of a family from conveying it, mortgaging it or devising it. The framers of the Constitution of 1895 knew this when they declared that after a homestead had been set off and recorded it could "not be waived by deed of conveyance, mortgage or otherwise, unless the same be executed by both husband and wife, if both be living." This prevents an alienation by deed or an encumbrance by mortgage, except by an instrument signed by both husband and wife, if both be living, and in our opinion was intended by the framers of the Constitution of 1895 to include every species of disposition, permanent or temporary, which would deprive the family for whose benefit, and by reason of whose existence, the homestead was allowed. Therefore, the word "otherwise" was intended to include leases, devises, dedication, grants of right of way, confession of judgment with waiver of homestead claim, and every other possible device by which a husband might deprive his family of the homestead upon whose existence alone he had been able to keep it away from his creditors.

In the case of *Larsen* v. *Reynolds,* 13 Iowa 579, 81 Am. Dec. 446, it appears that under the law of that State, a conveyance of a homestead is of no validity unless the husband and wife concur in and sign the same, and that such provision prevented a valid mortgage by the husband alone, nor is it made good by the subsequent death of his wife. The Court further says (81 Am. Dec., page 447) : "Upon his death she has a right to continue in its occupation, and it cannot be taken from her by his will or devise."

The Mississippi Courts have held in *McDonald* v. *Sandford,* 88 Miss. 633, a mortgage executed by the husband alone is held to be an absolute nullity. In that case Chief Justice Whitehead says : "Whatever name may be given to

the wife's interest in the homestead, whether it be called an estate, or an interest, or a claim, or a right, or a veto power merely, it is such an interest or a right as the statute requires to be conveyed by deed, and a deed to the homestead without the wife joining in the conveyance has been correctly held, in *Gulf* v. *Singleton,* 78 Miss. 72, to be an absolute nullity."

In *Thomas* v. *Craft,* 55 Fla. 842, the Court, construing the provision of the Florida Constitution that a homestead should not be alienable without the joint consent of husband and wife, held as to the word "alienable" that "no instrument is effectual as an alienation or a conveyance or transfer of title or of any interest in the homestead real estate without the joint consent of husband and wife when that relation exists." This position is also sustained in *Griffith* v. *Griffith,* 59 Fla. 512.

"A power in the husband to terminate this freehold with his wife by disposing of the land in his will is inconsistent with the spirit and intent of the statute as manifested in the clauses declaring that no release or waiver, except by deed, and no deed from husband alone without his wife, should be valid in law, and that the exemption should continue after his death for the benefit of his widow and children." *Brettun* v. *Fox,* 100 Mass. 235.

In Nebraska the homestead of a married person cannot be conveyed or encumbered, unless the instrument by which it is conveyed or encumbered is executed and acknowledged by both husband and wife, and it was held in *Kolke* v. *Kolke,* 11 L. R. A. (N. S.) 99, that this prevented a lease of the homestead by the husband alone, and he recovered the land from the lessee.

This Court has held that the homestead provisions do not create any new estate. Chief Justice McIver says, in *Stewart* v. *Blalock,* 45 S. C. 64: "It is well settled, in this State at least, that the homestead provisions create no new estate and do not invest estates already existing with any

new qualities or subject them to any restrictions, but simply secure a right of exemption by forbidding the use of the process of the Court to sell certain property for the payment of debts," citing *Elliott* v. *Makorell,* 19 S. C. 242, and *Chalmes* v. *Turnipseed,* 21 S. C. 186.

We are of the opinion that John Milady having purchased this land subsequent to the Constitution of 1895, and having it laid off to him as a homestead in 1902, and no assent by the wife having ever been given, that he had no power to devise it so that the devise would take effect during his wife's, Susan Milady's, life and thereby deprive her of the benefits of the homestead. At the time the homestead was set off, his family consisted of his wife and himself. The homestead was allowed for their benefit and by reason of their existence and once set off could not be disposed of, permanently or temporary, in any manner, whatsoever, by deed, mortgage, devise or otherwise, except that both husband and wife joined in the conveyance by whatever name it was called, so as to deprive the family of the homestead upon whose existence he had been able to keep it away from his creditors. Once set apart as a homestead, it had to remain intact as a homestead for the benefit of both, as long as both or either lived, unless both joined in the conveyance. John Milady having died, Susan Milady, his widow, is entitled to enjoy undisturbed the possession of this homestead during her natural life, but after her death it goes as devised by John Milady. The title to the property was in him, and under the case of *Stewart* v. *Blalock, supra,* no new estate was created, but only his fee burdened with the homestead for the enjoyment of himself and wife, and after his wife's death his devise will be valid. We do not think by the fundamental and organic law, even such as a constitutional convention has as to how people shall be governed or by an act of the General Assembly of the State, they can dictate to a person how his property shall be disposed of finally and take the disposition of it out of his

10—92

hands. Under the Constitution of 1895, article III, it gives the legislature power to enact laws to exempt a homestead from sale, etc., under process of Court and discharges the title to the homestead from all debts then existing, etc., but it does not create any new estate and in our opinion in the case at bar, Mrs. Milady has the right to continue in exclusive occupation and enjoyment of the homestead during her natural life and at her death it goes as devised under the will of John Milady. Judgment of Circuit Court should be modified as indicated by the views herein expressed.

Judgment modified.

MR. JUSTICE FRASER, *dissenting.* I cannot concur in so much of the opinion of Judge Watts as limits the invalidity of the devise to the life of the widow. It seems to me that a waiver in which the wife does not join is void, whether the waiver is by deed, mortgage, devise or otherwise, and that this position is fully sustained by the authorities cited.