### EX PARTE: MARTHA A. COTHRAN
### IN RE: THE ESTATE OF L. A. COTHRAN

#### (121 S. E., 556)

1. HOMESTEAD—WIDOW AND CHILDREN ENTITLED TO HOMESTEAD THOUGH
   WILL DIRECTS PAYMENT OF DEBTS.—Under Const. Art. 3, § 28, and
   Civ. Code, 1922, §§ 5490, 5493, 5494, the widow and children of the
   head of a family are entitled to enforce their right of homestead in
   property left to them under a will directing payment of testator's
   debts.

2. HOMESTEAD—GIFT OR DEVISE CANNOT DEFEAT HOMESTEAD.—Under
   Const. Art. 3, § 28, no gift or devise of property by will can defeat
   the right of homestead, in view of Civ. Code, 1922, §§ 5490, 5493,
   and 5494.

3. HOMESTEAD—PURPOSE OF HOMESTEAD LAWS STATED.—The purpose of
   homestead laws is not to create any new estate or to invest estates
   already existing with new qualities or subject them to restrictions,
   but to secure a right of exemption by forbidding the use of Court
   process to sell certain property for the payment of debts.

4. HOMESTEAD—HOMESTEAD LAWS NOT DESIGNED TO AFFECT INTESTATE
   DISTRIBUTION OR GIFTS BY WILL.—Homestead laws are not designed
   to alter or in any way affect the statute for the distribution of in-
   testates nor the right of disposing of property by will.

---

Note:  On general direction in will to pay debts as charging home-
stead, see note in 44 L. R. A. (N. S.), 1177.

5. Homestead—Scope of Right of Homestead Outlined.—The right of homestead is a right which may only be asserted and enforced against creditors by the heads of families, etc., and persons succeeding to that title under the laws governing distribution of intestate estates or succession of property by will.

6. Wills—Direction as to Payment of Debts Transfers no Interest to Creditors.—A direction in a will as to the payment of debts is not a testamentary disposition of the property and transfers no title or interest therein to creditors.

Before Mauldin, J., Pickens, June, 1923.   Reversed.

In the matter of the estate of L. A. Cothran, deceased, in which the Farmers Bank of Central and the Bank of Central except to position for assignment of homestead. From an order that the creditors should be paid before the widow and children could take under decedent's will, Martha A. Cothran, the executrix, appeals.

*Messrs. Robinson & Mann,* for appellant, cite: *No waiver shall defeat the right of homestead before assignment, except it be by deed or conveyance:* Code 1922, Vol. 3, Sec. 5494; 51 S. C., 97. *Testator's direction to pay debts first, no waiver:* 109 S. C., 203; 56 S. C., 173; 92 S. C., 145. *Widow can claim homestaed in life estate before testator's debts are paid:* Code 1922, Vol. 3, Sec. 5490; 54 S. C., 579; 99 S. C., 411.

*Messrs Carey & Carey,* and *Martin, Blythe, Craig & Keith,* for respondents, cite: *Right of disposition by will:* Code 1922, Vol. 3, Par. 5335 *et seq. Alienation by owner of homestead a bar to homestead claim:* 55 S. C., 427; 56 S. C., 173. *Overruling in part:* 25 S. C., 481; 13 R. C. L., p. 248 and 646, Par. 106; 58 S. C., 238; 1 Pac., 569; 20 Pac., 232; 34 Pac. 831. *Widow cannot claim homestead right inconsistent with terms of will or until debts are paid:* 22 A. L. R., 512.

February 16, 1924.

The opinion of the Court was delivered by Mr. Justice Marion.

The appeal raises the question: Are the widow and children of the head of a family entitled to assert and enforce the right of homestead in property devised and bequeathed to them by the deceased husband and father under the terms of a will which directs that the testator's debts be first paid?

The case made is this: L. A. Cothran died July 27, 1920, leaving of force a will, executed in April, 1918, whereby he devised and bequeathed all his real estate and personal property to his wife during her lifetime and at her death to be divided among his "bodily heirs" and upon her remarriage to be divided among his "children." The testator's estate consisted of some personal property and about 27½ acres of land. The will contains the provision:

"It is also my desire that all my funeral expenses, doctor bills and all other just debts be paid at my death."

The widow qualified as executrix, August, 1920, but took no other steps to settle the estate, made no other election or renunciation under the will, and continued with her children "to live on the property and use it." On January 11, 1923, Martha A. Cothran, the widow, filed a petition with the Clerk of Court, praying that a homestead be assigned to her and her children. In actions then pending and afterwards brought judgments were recovered against Martha A. Cothran, as executrix, in favor of the banks who are the respondents here, aggregating approximately $1,663. These creditors contested the proceedings before the clerk and excepted to the granting of the petition by the clerk and the return of the appraisers by him appointed upon the grounds that Martha A. Cothran and her children were not entitled to a homestead in the lands and personal property left by L. A. Cothran, deceased, "on account of his making a will whereby he alienated his real and personal property and provided for the payment of his debts," and that Martha A. Cothran, having qualified and

acted as executrix of the will, was thereby precluded from claiming a homestead for herself and children.

Thereupon the Circuit Judge held and decreed as follows:

"The main question in the case is: Can a homestead be set off to petitioner, Martha A. Cothran, and her children in the lands and personal property left by testator when he alienated his property and devised and bequeathed it unto Martha A. Cothran for life, or during widowhood, and at her death or remarriage, to his children? A widow cannot reject the provisions made for her in her husband's will and have homestead set apart to her out of lands devised. The cases of *Ex parte Bullock,* 58 S. C,. 238; 36 S. E., 563. *Beaty v. Richardson,* 56 S. C., page 176; 34 S. E., 73; 46 L. R. A., 517, also 22 A. L. R., 512, subdivisions A and B, and cases cited, hold that she cannot so reject provisions of said will and refuse to take thereunder and have homestead set apart to her."

Pursuant to which ruling it was ordered that the proceedings before the clerk be set aside and that the claims of the contesting creditors should be first paid before the widow and children could "take under said will."

We are of the opinion that the case at bar is not ruled by the view of the law announced and applied by the Circuit Court, and that appellant's exceptions, all of which in substance impute error to the Circuit Judge in so holding, must be sustained. The reasons for our conclusion may perhaps best be indicated and developed by briefly reviewing the decisions from this jurisdiction cited and relied upon by the learned Circuit Judge as authority for his position.

The case of *Beaty v. Richardson,* 56 S. C., 173; 34 S. E.. 73; 46 L. R. A., 517, in which the opinion was written by that great jurist, Chief Justice McIver, is unquestionably authority for the proposition that (syllabus)—

"Under the homestead laws previous to the Constitution of 1895, a devise of land was such an alienation as would defeat homestead to the heir at law."

That ruling was expressly predicated upon the language of the statute (Rev. St. 1893, § 2130) in force prior to the Constitution of 1895, whereby it was "declared that no right of homestead should be allowed in any property 'aliened or mortgaged, either before or after assignment.'" But that the rule, as there broadly stated, is inapplicable to a case controlled by the homestead provisions of the Constitution of 1895, is clearly pointed out in the opinion of the Court in that case. In considering whether the law as it existed prior to Constitution of 1895 was to be there applied, the Court said:

"This is important, because the law as it stood, prior to the adoption of the present Constitution, was materially different from the law as it is now declared by the Act of 1896—22, Stat. 190—pursuant to the present Constitution, upon the very point upon which the present controversy turns; for by Section 2130 of Rev. Stat. of 1893, it was declared 'that no right of homestead shall exist or be allowed in any property, real or personal, aliened or mortgaged,' etc., whereas by the present law it is declared that the right of homestead, before assignment, shall not be waived or defeated, 'except it be *by deed of conveyance or mortgage.*' (Italics ours.)"

That, by virtue of the material difference thus adverted to by Mr. Chief Justice McIver, no gift or devise of property by will can defeat the right of homestead in such property, as that right is defined and safeguarded by the Constitution of 1895, becomes entirely apparent upon examining the language of that instrument, which is (Article 3, § 28) as follows:

"The General Assembly shall enact such laws as will exempt from attachment, levy and sale under any mesne or final process issued from any Court, to the head of any family residing in this State, a homestead in lands, whether held in fee or any lesser estate, to the value of one thousand dollars, or so much thereof as the property is worth

if its value is less than one thousand dollars, with the yearly products thereof, and to every head of a family residing in this State, whether entitled to a homestead exemption in lands or not, personal property to the value of five hundred dollars, or so much thereof as the property is worth if its value is less than five hundred dollars. The title to the homestead to be set off and assigned shall be absolute and be forever discharged from all debts of the said debtor then existing or thereafter contracted except as hereinafter provided: * * *

"Provided, further, That no waiver shall defeat the right of homestead before assignment except it be by deed of conveyance, or by mortgage, and only as against the mortgage debt," etc.

Pursuant to that constitutional requirement the General Assembly enacted laws to the effect that a homestead in lands and personalty (Volume 3, Code 1922, §§ 5490, 5494) shall "be exempt to the head of every family residing in this State," etc.; that "if the husband be dead, the widow and children," etc., "shall be entitled to have the family homestead exempted in like manner as if the husband or parents were living," etc. (Section 5493, Vol. 3, Code 1922); and that "no waiver of the right of homestead shall defeat the right before assignment except it be by deed of conveyance or by mortgage, and only as against the mortgage debt," etc.

That, under the foregoing constitutional and statutory provisions, L. A. Cothran, having made no conveyance of his property by deed or mortgage, was up to the time of his death entitled to assert the right of homestead, and that at his death that right was by force of the statute immediately vested unimpaired in his widow and children, who succeeded to the title under the terms of the will, would seem too clear to warrant discussion, but for an expression in the case of *Ex parte Bullock*, 58 S. C., 238; 36 S. E., 563, which is strongly relied upon by respondents to support

the contention that the rule laid down in *Beaty v. Richardson, supra,* was properly applied by the Circuit Court to the facts of this case. In the case of *Ex parte Bullock, supra,* the testator devised certain property to his wife, Parmelia Bullock, and the residue of his estate to his son, D. M. Bullock, who qualified as executor of the will. The debts were only $200 or $300, which the residuary devisee, D. M. Bullock, offered to pay. The widow. refused to accept the provisions of the will, and sought to have a homestead assigned to her under the statute. This Court correctly held that in the circumstances the widow was not entitled to assert the right of homestead, but in the course of the opinion said:

"It does not appear whether the debts were contracted prior or subsequent to the adoption of the Constitution of 1895. If they were contracted before the Constitution of 1895, the case of *Beaty v. Richardson,* 56 S. C., 173, shows that a devise by the testator would defeat the widow's right to claim homestead. If they were subsequently contracted. there are no provisions of the new Constitution requiring a different construction."

While the last sentence quoted is susceptible of the interpretation that the Court intended to hold that the rule of *Beaty v. Richardson* had not been abrogated by the new Constitution, aside from the consideration that that expression might properly be regarded as obiter, it is apparent in the light of the facts of that case that the language used was intended merely to assert that the provisions of the Constitution of 1895 did not require a construction that would entitle the widow to assert, as she was then attempting to assert, a right of homestead, not against creditors, but against another devisee under the will. That was the point really involved—whether a widow under the guise of asserting a right to homestead could acquire a larger or more acceptable portion of her husband's estate than he had left her by his will. The Court very properly

held that there were no provisions of the Constitution of 1895 requiring a construction that would support the affirmative of that proposition.

That is, the right to the homestead exemption under the Constitution of 1895, is identically the same kind of right as was conferred by prior law. The purpose of such laws, as was said in *Elliott v. Mackorell,* 19 S. C., at page 242, "was not to create any new estate, or to invest estates already existing with any new qualities, or to subject them to any restrictions, but to secure a right of exemption by forbidding the use of the process of the Court to sell certain property for the payment of debts." They were not "designed to alter or in any way affect the statute for the distribution of intestate's estate," etc. *Ex parte Ray,* 20 S. C., 248. Nor do they affect the right of a person having the title to property to dispose of it by will. *Beaty v. Richardson, supra; Davis v. Milary,* 92 S. C., 135; 75 S. E., 363; Ann. Cas., 1914B, 267. Obviously, therefore, the homestead law may not be invoked to change the succession to the title of property. It is merely a right conferred upon certain persons to have a homestead of a certain value in property exempted from the reach of a certain class of the property owner's creditors. It is therefore a right which may only be asserted and enforced against creditors by a favored class of property owners, viz., the heads of families, etc., and the designated class of persons who have succeeded to the title of such property owners under the laws governing the distributions of intestate's estates or the succession to property by will. And that, as we apprehend, was the extent of the Court's holding in *Ex parte Bullock,* where Mrs. Bullock, the widow, was not seeking to have property, impressed with the right of homestead and to which she had succeeded, exempted from the reach of creditors, but was disclaiming the only title she was entitled to assert—that transmitted under the valid will of her husband—and was seeking to enforce a

right of homestead not against creditors, but against another devisee under her husband's will.

In the case at bar, in so far as the creditors are concerned, the title to the property in which the homestead is claimed was transmitted by the terms of L. A. Cothran's will to his widow and children. The direction in his will as to the payment of debts was not a testamentary disposition of his property, and transferred no title or interest therein to the creditors. *Beaty v. Richardson, supra. Seabrook v. Seabrook,* 10 Rich. Eq., 503. *Gordon v. Blackman,* 1 Rich. Eq., 61. *Crosby v. Smith,* 3 Rich. Eq., 244. The right of homestead is here asserted against the testator's creditors. That right not having been waived by L. A. Cothran in the only ways it could be waived, viz., by deed of conveyance or by mortgage, remained intact in him until his death. At his death that right by force of the statute passed to his widow and children, who succeeded to the property under the terms of the will. The right, as thus transmitted, was "the right of homestead before assignment," which they could no more waive, except "by deed of conveyance or by mortgage," than could the testator. L. A. Cothran, during his life.

In view of the nature of the right of homestead in this State—it being a mere right to the exemption of certain property from the payment of debts—and of the language of our Constitution expressly prescribing the only methods by which this right may be waived, the doctrine of election, clearly, has no application. Assuming that a case might possibly arise in which the doctrine of estoppel in some other aspect could be invoked by a creditor against devisees or legatees who seek to assert the right of homestead, we think it too obvious to require discussion that such a case is not here presented.

It is accordingly adjudged that the decree of the Circuit Court be reversed.

Messrs. Justices Watts, Fraser, and Cothran concur.

Mr. Chief Justice Gary did not participate.