Elrod vs. Gilliland, Howell & Co.

2d. Because there is not sufficient proof that defendant resides out of the State.

To which decision counsel for petitioner excepts.

M. FRANCIS, for plaintiff in error.

JOHNSON, *contra.*

---

JOHN B. ELROD, plaintiff in error, vs. GILLILAND, HOWELL & Co., defendants in error.

An Act of the Legislature repealing laws and *parts* of laws militating against that Act, repeals an Act having conflicting provisions, so far only as the two Acts are repugnant to each other.

Ca. Sa. and Certiorari, from Murray county.    Decision by Judge CROOK, at March Term, 1858.

John B. Elrod was arrested under a *capias ad satisfaciendum,* issued at the suit of Gilliland, Howell & Co.    The *ca. sa.* bore date 2d October, 1858 ; he was arrested, and on the 13th November, 1858, gave bond for his appearance at the January Term of the Inferior Court, to take the benefit of the Act of 1823, for the relief of honest debtors.    At the January Term of said Court, Elrod appeared and moved the Court to be discharged, on the ground, that the 4th section of the Act of the General Assembly, passed 11th December, 1858, repealed the Act of 1823, and was, in effect, a discharge of defendant from imprisonment.    The Inferior Court granted the motion, and discharged defendant from custody ; to which decision counsel for Gilliland, Howell & Co. excepted, and applied to Superior Court for a *certiorari.*    Counsel for Elrod resisted, at chambers, the application for a *certiorari,* and the merits of the question being fully argued and considered, it was agreed that the decision of the Judge, upon the application for *certiorari,* should be regarded as a final adjudication of the cause, and to which either party might except.

The Judge ordered the *certiorari* to issue, holding that the judgment of the Inferior Court discharging defendant was illegal.

To which decision counsel for Elrod excepted.

J. S. P. POWELL, for plaintiff in error.

A. FARNESWORTH, *contra.*

*By the Court.*—McDONALD J. delivering the opinion.

The Act of 1823 is not absolutely and wholly repealed by the Act of December 11th, 1858.    If it was, all causes proceeding under that Act would, of course, have to fall with it.

The Act of 1858 prescribes the mode of proceeding in ca-

ses in which a writ of *capias ad satisfaciendum* shall issue, or may have been issued, after the passing of the Act. It does not apply to cases in which a writ of *ca. sa.* had been already issued, and the defendant had been arrested. Such cases are excluded by its terms. The fourth section of the Act repeals laws and *parts* of laws militating against that Act. If, therefore, there be a prior statute, having provisions conflicting with some part of the Act of 1858, but not with the whole of it, the conflicting parts of the law are repealed, and none other. There is no conflict in regard to arrests made under the Act of 1823, prior to the passing of the Act of 1858. The Act of 1823, then, is a good Act, so far as the Act of 1858 is not repugnant to it; and there being no repugnancy as to cases in which writs of *ca. sa.* had been issued under the Act of 1823, prior to the passing of the latter Act, the former Act stands good as to them. The case of the plaintiff in error cannot be supported on the principles here laid down.

Judgment affirmed.