## McGruder v. The State of Georgia.

1. The evidence authorized the verdict.
2. A special local option act approved September 4, 1885, was not re-
pealed by the general local option act approved September 18, 1885.
The general repealing clause of the latter act applies only to laws
in conflict with it; and it provides for the exemption from its
operation of localities governed by other prohibitory legislation.
Whether or not the adoption of the special act had been voted
upon by the people when the general act was passed, is immate-
rial.
(a) A general later affirmative law does not abrogate an earlier special
one by implication.
3. The title of the act being to prohibit the sale of spirituous, vinous,
malt or other intoxicating liquors in the county of Douglas, and to
provide a penalty for the violation of the same, the fact that the
act contained the usual provisions for submitting the question of
prohibition to the people of the county, etc., did not render it un-
constitutional as containing matter different from what was ex-
pressed in the title.
4. The overruling of a demurrer cannot be made the ground of a
motion for a new trial.
5. A charge that if defendant delivered to another a half-pint of
whiskey, and the other was to deliver defendant a fat hen for it,
this would be a sale of the whiskey, was not erroneous.
6. It was not error for the judge in the presence of the jury to call
upon defendant's counsel for his views of the law upon a certain
question in the case.
7. There being no evidence that the liquor was given away, and the
State relying for conviction entirely upon a sale, a charge upon the
subject of giving away the liquor was erroneous but not ground for
new trial, as the sale was sufficiently proved.

November 6, 1889.

Constitutional law. Statutes. Local option. Liquor.
Practice. Demurrer. Evidence. Charge of court. New
trial. Before Judge Richard H. Clark. Douglas su-
perior court. January term, 1889.

The evidence introduced by the State was to the ef-
fect that a "blind tiger," or place where spirituous liq-
uors were illegally sold, was established by some one at
a certain place in Douglas county; two men went there
to get whiskey, and one did buy some; the other

"asked 'Tige' to let him have half a pint on credit, but 'Tige' replied that he could not do so." Neither saw the seller; and one of the two witnesses for the State swore that he did not know who was inside the house where the whiskey was kept, but the voice sounded like defendant's; and that he offered to bring the "tiger" a fat hen if he would deliver the half-pint asked for. He also testified that on the following Sunday he, with another, started up to the "tiger," and as they were going defendant stopped them, and they asked him if there was any liquor up there; he said they had just gotten in some good red liquor the night before, and asked for that hen. This witness had known defendant for several years. Another witness testified that he was at the "blind tiger" and saw a number of persons buy whiskey, but did not know who was inside; thought he recognized defendant's voice, but did not see defendant at any time.

Defendant offered no evidence. He stated that he had nothing to do with the sale of any kind of liquor and had never had any connection with the "blind tiger."

During the argument of defendant's counsel to the jury, he turned to the judge to discuss points of law, contending that the evidence did not show a sale. The judge asked him what he would say if there was evidence about a fat hen promised in exchange for the whiskey, and whether this would not be the same as a sale so far as to constitute a violation of the law. Error was assigned upon this and upon the charge stated in the fifth head-note, as well as upon other grounds which appear in the opinion.

J. S. & W. A. James, for plaintiff in error.

John S. Candler, solicitor-general, for the State.

Simmons, Justice.

McGruder was indicted and convicted for violating

the special prohibition law of Douglas county. He made a motion for a new trial upon the several grounds set out therein, which was overruled by the court, and he excepted.

1. There was sufficient evidence to authorize the verdict.

2. The main question relied upon in the argument here for reversal of the judgment refusing a new trial, was that the verdict was contrary to law, in this, (1) that the local act approved September 4th, 1885, under which the plaintiff in error was convicted, was repealed by the general local option act approved September 18th, 1885 ; and (2) that if not repealed, said local act was unconstitutional, in that it contained matter in the act different from that expressed in·the title. We do not think that the local act passed for Douglas county, and approved September 4th, 1885, was.repealed by the general local option act approved September 18th, 1885. It is true that the latter act has a general repealing clause, but that clause applies only to laws in conflict with it. There are no words in the general act expressly repealing the local one, but the IX section of that act expressly provides that no election shall be held under it "for any county, city, town or any other place in this State where by law the sale of spirituous liquors is already prohibited either by high license, local option, or other legislation, so long as these laws remain of force." We think this section was intended to apply to all local laws upon this subject which had been passed by the legislature prior to the passage of this latter act. That body certainly knew what local acts it had passed upon this subject, and it intended this section to save them all from repeal by the act, and to allow them to remain of force.. It is said, however, that the people had not adopted this local act by an election when the general act was passed, and not hav-

ing been adopted by vote of the people, as provided for in the act, it was not a law in the sense as used in the IX section above quoted. We do not agree with this construction. Whenever the act for Douglas county was approved by the governor, it became a law of the State, but the operation of it was postponed until it was adopted by the people of the county. When that was done and the ordinary issued his proclamation, it went into active effect. So we think that whether the law had been voted on or not when the general law was passed, it was such a law as was contemplated by the legislature when the IX section of the general act was adopted. Even if this were not true, we do not think that the local act was repealed by the passage of the general act fourteen days thereafter. In discussing this subject, Endlich, in his work upon the Interpretation of Statutes, §223, says: "A general later affirmative law does not abrogate an earlier special one by implication; . . . the law does not allow the exposition to revoke or alter, by construction of general words, any particular statute, when the words of the two acts, as compared with each other, are not so glaringly repugnant and irreconcilable as to indicate a legislative intent to repeal, but may have their proper operation without it. It is usually presumed to have only general cases in view, and not particular cases which have already been otherwise provided for by the special act. Having already given its attention to the particular subject, and provided for it, the legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language, or there be something which shows that the attention of the legislature had been turned to the special act, and that the general one was intended to embrace the special cases within the previous one, or something in the nature of the general

one, making it unlikely that an exception was intended as regards the special act."

3. It is argued, however, that the local act is unconstitutional, because it is said that it contains matter different from that expressed in the title. We do not agree with counsel in this construction. The title of the act is, " An act to prohibit the sale of spirituous, vinous, malt or other intoxicating liquors in the county of Douglas, and to provide a penalty for the violation of the same." The act itself has the usual provisions of submitting to the people of the county, at an election to be held, when it shall be held, etc., and who shall declare the result of the election. We do not think that this is matter different from what is expressed in the title of the act. The title of the act is, to prohibit the sale of liquor in Douglas county. The matter objected to as violating the act is the manner of prohibition. In our opinion, it was not necessary to incorporate in the title all the details of the act. Questions of this character have been passed upon so often by this court that we deem it unnecessary to elaborate this discussion, and content ourselves with referring to them for our reasoning in this case. Upon this subject, see *Black* v. *Cohen,* 52 *Ga.* 621 ; *Goldsmith* v. *The Rome Railroad Co.,* 62 *Ga.* 473 ; *Hope* v. *Mayor, etc. of Gainesville,* 72 *Ga.* 247, a well-considered case by BLANDFORD, J. ; *Caldwell* v. *Barrett,* 73 *Ga.* 604, and *Brown* v. *State,* 73 *Ga.* 38.

4. The 3d ground of the motion cannot be considered, because it complains of the overruling of a demurrer to the indictment. The overruling of such a demurrer cannot be made the ground of a motion for a new trial.

5. There was no error in the charge complained of in the 4th ground.

6. There was no error in the judge calling on defend-

ant's counsel for his views of the law upon a certain question in the case. The court has a right to call the attention of counsel to questions of law in the case and to ask their views upon it, although the jury may be present.

7. The 7th ground complains that the judge erred in charging the jury that if defendant gave the whiskey away, it would be the same as if he had sold it. While this was irregular, we cannot see that the defendant was injured by it. There was no evidence that even intimated that the liquor was given away, but the State rested for a conviction entirely upon a sale. Although it was erroneous to charge upon the subject of giving away the whiskey, we will not reverse the judgment, as the sale was sufficiently proved.

*Judgment affirmed.*