## EDALGO et al. v. SOUTHERN RAILWAY COMPANY.

.1. An allegation that a given statute is unconstitutional, in that it violates the constitutional provision which prohibits the passage of a special law in any case for which provision has been made by an existing general law, which fails to point out the general law which is claimed to cover the same subject as such statute, presents no question for decision by this court.

2. The act approved August 22, 1905, creating the Jenkinsburg Public-School District (Acts 1905, p. 473), was repealed by the general ·act providing for the creation of local tax district schools, approved August 23, 1905 (Acts 1905, p. 425), as amended by the act approved August 21, 1906 (Acts 1906, p. 61).

3. An act dealing with a single subject-matter, but with two phases of the same, which is held valid as to one phase but inoperative as to the other, may be amended by an act relieving of the defects applicable to the one portion, so as, in the single act, to complete the scheme of the original act.

4. The act approved August 23, 1905 (Acts 1905, p. 425), as amended by the act approved August 21, 1906 (Acts 1906, p. 61), providing for the creation of local tax district schools, and popularly known as the McMichael school law, is not unconstitutional or otherwise invalid for any of the objections urged against it in the present case.

Argued June 24,—Decided August 13, 1907.

Injunction.　　Before Judge Reagan.　　Butts superior court. March 30, 1907.

This was an application by the Southern Railway Company to enjoin the tax-receiver and collector of Jenkinsburg Public-School District and the sheriff of Butts County from proceeding to collect two tax executions for school tax alleged to be due by the railway company to the authorities of said district, one for the year 1905, and the other for the year 1906. The judge granted an injunction, and the defendants excepted. The case was submitted to the judge upon the petition, a demurrer thereto, and the answer. The petition and answer were each verified, and they disclose no issue of fact. The case turns entirely on questions of law growing out of the undisputed facts, and these arise out of certain legislative enactments. Jenkinsburg Public-School District was incorporated under an act approved August 22, 1905. Acts 1905, p. 473. The district, as laid out, embraced territory lying in each of the counties of Butts and Henry. The town of Jenkinsburg, in the town, for the town was wholly in Butts county. The act 1889, p. 876. The school district embraced territory not included

in the town, for the town was wholly in Butts county. The act incorporating the school district provided for an election to ratify the act, and to select school trustees who were to discharge certain duties in the event the act was ratified; such election to be ordered immediately after the approval of the act. The trustees were authorized to levy a tax for school purposes, and to elect a tax-receiver and collector. The trustees were authorized to provide a digest upon which the receiver and collector was to enter all property in the district subject to taxation, in the manner pre-scribed in the act. There was no distinct mention of railroad property in the act, but it used the broad terms above referred to. The election was held and the act ratified as contemplated by the act. The act was amended by an act approved August 21, 1906. Acts 1906, p. 470. The amending act contained a voluminous preamble reciting compliance with the details of the original act, and provided all the minute details in a scheme for the assessment and collection of taxes upon all classes of property, the property of railroad companies being specifically mentioned, and this, as well as all other property, was to be returned to the receiver and collector of the district. The execution now in question was is-sued after the date of the amending act. The original act was approved one day before the general act for the creation of local-tax school districts, the latter act being approved August 23, 1905. Acts 1905, p. 425. The amending act was approved on August 21, 1906, the same day when the act amending the general act was approved. Acts 1906, pp. 61, 470. The original Jenkins-burg district school act is attacked by the plaintiffs and declared to be invalid, for the following reasons among others: (a) The act creates a school district embracing territory lying in two coun-ties. (b) The local district school act was repealed by the general act approved the following day. (c) The local act is a special law in a case for which provision has been made by an existing general law. The amendment to the district school act is also attacked for various reasons. The defendants are at issue with the plain-tiffs on the questions of law raised by the petition, and they also attack the general acts and allege that they are invalid. The gen-eral act of 1905 is alleged to be unconstitutional, for the follow-ing reasons: (a) It contains matter not indicated in the title. (b) It seeks to repeal and amend special acts not distinctly described.

(*c*) It grants donations to chartered schools. (*d*) It seeks to give sectarian schools a portion of the public-school fund. (*e*) The system for the district school, as to the amount of tax, collection of the same, and in other material particulars, is different from that provided when the whole county adopts the act, thus violating the provision of the constitution that all taxation shall be uniform. (*f*) It provides for tuition against non-resident pupils, when the constitution declares all public schools shall be free to all of the children of the State. (*g*) It authorizes the county board of education to increase the territory of a municipality for school purposes without submitting the question to a vote of the people of the new territory. (*h*) It seeks to disregard school districts in existence when the constitution was adopted. (*i*) It lacks uniformity in that when new territory for school purposes is added to municipalities, the government of the school differs according to the population of the municipality. (*j*) It provides for the removal of a school trustee by the board of education where there is a provision in the Penal Code, §291, for the removal of officers. (*k*) It vests the power of impeachment in the county board of education, when the constitution vests the power solely in the Sénate. The act of 1906, amending the general act, is also attacked and alleged to be invalid, for the following reasons: (*a*) The amending act is subject to the same criticisms as made upon the original act in the foregoing paragraphs lettered (*a*), (*b*), (*c*), (*d*), (*e*), (*f*), (*g*), (*h*). (*b*) The original act was void and there was nothing to amend. (*c*) It provides a method for summoning a defaulting tax-payer before the county tax-receiver and no method of summoning a defaulter before the comptroller-general.

J. D. *Kilpatrick* and *Moore, Gordon & Branch,* for plaintiffs in error.

*N. E. & W. A. Harris* and *McDaniel, Alston & Black,* contra.

COBB, P. J. (After stating the facts.)

1. The Jenkinsburg school-district act was approved August 22, 1905, which was one day before the general act for the laying out of school districts was approved, and hence it can not be said to be a special law in a case where provision had been made by an existing general law, so far as that general law is concerned. But there was, on August 22, 1905, a general law which made provi-

sion for the subject-matter dealt with by the Jenkinsburg act. That general law is contained in the Political Code, §§ 1335 et seq. It is there declared that each and every county shall compose one school district. The case, on its face, is therefore squarely within the ruling in *Sellers* v. *Cox,* 127 *Ga.* 246. But this point is not made with sufficient certainty in the petition for us to rest the case on that ruling. The petition avers that the local school act is a special law in a case where provision has been made by an existing general law, but it does not specify the general school law in the code as that law. This was indispensable to raise the constitutional question. *Sayer* v. *Brown,* 119 *Ga.* 539 (5), 46 S. E. 649.

2. The constitution of 1877 contained the following provision: "Authority may be granted to counties upon the recommendation of two grand juries, and to municipal corporations upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits, by local taxation; but no such local laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county or municipal corporation, and approved by a two-thirds vote of persons qualified to vote at such election; and the General Assembly may prescribe who shall vote on such question." Civil Code, § 5909. This provision clearly limited local school districts, so far as the taxing power was concerned, to two classes,—counties and municipalities. The General Assembly had no authority to create other school districts and confer upon them taxing power. *Barber* v. *Alexander,* 120 *Ga.* 30 (47 S. E. 580). The constitutional provision above quoted was, in 1903, so amended as to read as follows: "Authority may be granted to counties, militia districts, school districts, and to municipal corporations, upon the recommendation of the corporate authority, to establish and maintain public schools in their respective limits by local taxation; but no such laws shall take effect until the same shall have been submitted to a vote of the qualified voters in each county, militia district, school district, or municipal corporation, and approved by two-thirds majority of persons voting at such election, and the General Assembly may prescribe who shall vote on such questions." This amendment adds two new classes of school districts,—militia districts and school districts. The first are well-known and well-

defined political divisions of the State. They are subdivisions of
a county. Every militia district is wholly in one county. A
militia district partly in two or more counties is unknown to law,
and would be an impossibility under our present system of politi-
cal division. The school district is a new creation. It is an in-
novation. How must it be classified; as belonging to political
divisions such as counties and militia districts, or with munici-
palities? A municipality may be located in two or more counties;
but whenever this has happened, confusion and inconvenience have
inevitably resulted. It is to be noted that in the enumeration
school districts follow counties and militia districts and precede
municipal corporations. Is it not more reasonable that the people
intended that their new political division, school districts, should
be of the nature of the militia districts, that is, wholly within the
limits of one county, than that they should take on the character-
istics of the municipal corporation and be subject to all the con-
fusion and inconvenience necessarily attending a political division
rent asunder by a county line? It is by no means free from
serious doubt that a school district can be laid out so as to em-
brace territory situated in two or more counties. But we will not
rule the present case on this point, and our utterances on this
subject are merely to call attention to the grave doubts that arise
as to the power of the General Assembly to create school districts
the territory of which is located in different counties. It is to be
noted that the general local-tax school act of 1905 had a provi-
sion for such school districts, but this clause was stricken by the
amending act of 1906. The constitution declares: "There shall
be a thorough system of common schools for the education of chil-
dren in the elementary branches of an English education only, as
nearly uniform as practicable, the expenses of which shall be pro-
vided for by taxation, or otherwise. The school shall be free to
all children of the State, but separate schools shall be provided for
the white and colored races." Civil Code, §5906. The uniform-
ity required is that which is practicable, taking into consideration
the object to be accomplished, that the instrumentalities are to be
provided in local subdivisions of the State, and also the exception
of existing local systems from the new scheme. While absolute
uniformity is impracticable, and this the constitution recognizes,
still that uniformity is the constitutional desideratum must not

be lost sight of, and an utter disregard of all effort at uniformity will not be tolerated. The general act of 1905, as amended by the act of 1906, provides a system where the school district is recognized as merely a subdivision of the county. No school district, located partly in two or more counties, is contemplated. Local school systems in municipalities are recognized and provision is made for the enlargement of the territory of municipalities for school purposes as well as the management of such systems. The act authorizes local taxation for school purposes in three political subdivisions of the State,—counties, school districts created within a given county, and municipalities. The municipality is left where it always has been,—political subdivision of the State, whose extent and limits are determined by its charter or laws amendatory thereof, either general or special in their nature. The location of the municipality as to county lines is immaterial. It may be in one county only. It may be in two or more counties. But as a municipality of whatever grade or class, no matter where located, it is entitled to the rights of local taxation for school purposes upon compliance with the constitution and the laws. The school district, under the uniform plan called for by the act, must be a subdivision of a county. The act as amended was intended to be exhaustive, and there is no exception stated therein as to school districts such as are not wholly situated within one of the counties of this State. The act declares: "That within thirty days after the passage of this act, or as soon thereafter as practicable, it shall be the duty of the county board of education of each county in Georgia to lay off *the county* into school districts, the lines of which shall be clearly and positively defined by boundaries, such as creeks, public roads, land-lots, district-lines, or county-lines." Acts of 1906, p. 66. If this language is not broad enough to clearly indicate a legislative intent to abolish all school districts other than those provided for in the act, all doubts as to such intent vanish when we consider the following language which appears in the same section of the act: "The county board of education, *in laying off the county,* shall disregard any school districts embracing territory not included in incorporated towns heretofore created by special act of the legislature." Was the local act creating the Jenkinsburg school district repealed by the later general act? Repeals by implication

are not favored. It has been by some doubted whether there could be such a repeal under the present constitution. *Montgomery* v. *Board,* 74 *Ga.* 42-4. But it .is now settled that there can be a repeal by implication. However, before such a repeal will result, the later statute must be clearly repugnant to a former statute and so irresistibly inconsistent therewith that the two can not stand together; or it must be clear, from the terms of the later statute, that there was a legislative intent to cover the subject-matter of the former statute and have the later statute operate as a substitute therefor. The intention to repeal must be clear and unmistakable. *Johnson* v. *Sou. Ass'n,* 97 *Ga.* 622 (25 S. E. 358). Ordinarily a general law will not have the effect to repeal a prior local law, unless the local law be specially named or necessarily embraced in the terms used. in the general law; still, where the legislative intent to repeal is clear and manifest, a repeal of the local law will result. *Pausch* v. *Guerrard,* 67 *Ga.* 219. See also *Crovatt* v. *Mason,* 101 *Ga.* 252 (28 S. E. 891); *Western & Atlantic R. Co.* v. *Atlanta,* 118 *Ga.* 554 (38 S. E. 996, 54 L. R. A. 294.) A repeal of a prior local law by a subsequent general law will not result from mere implication. But such. a repeal always results when the legislative intent to repeal is clear and manifest. There can be no doubt that the General Assembly intended the act of 1905, as amended by the act of 1906, to be exhaustive of the subject of. the creation and location of school districts, and that all school districts embracing territory not included within the limits of municipalities created prior thereto should be abolished. The Jenkinsburg school district, while embracing the territory of the incorporated town of Jenkinsburg, ignored the municipality, and not only embraced territory not included therein, but actually extended into another county. Such a school district has no right to live under the provisions of the subsequent general law. The Jenkinsburg school district act was repealed by the general law of later date.

3. It is contended, however, that no repeal of the local act was effected, for the reason that the general law was itself invalid. It is said that the general act of 1905 was void, and hence the amending act of 1906 is also void, for the reason that there was. no law of which it was amendatory. The general act of 1905 dealt with one subject-matter,—local taxation for school purposes.

Two phases of this subject-matter were attempted to be dealt with, —local taxation by counties and local taxation by school districts. That portion relating to taxation by counties was held to be complete and operative. *Georgia R. Co.* v. *Hutchinson,* 125 *Ga.* 762 (54 S. E. 725). That portion relating to local taxation by school districts was held to be inoperative. *Brown* v. *Sou. Ry. Co.,* 125 *Ga.* 772 (54 S. E. 729). The entire act was not held to be void. It was therefore competent for the General Assembly to amend the act by relieving it of the infirmity which affected only one portion thereof, and thus by amendment complete the scheme attempted in the original act. It is true that the title of the amending act, in reciting the title of the original act, inserted the words "districts or," preceding the word "counties," but the title of the original act is correctly quoted in the body of the amending act, and the act of which it is amendatory is so clearly shown in other ways that this error in the title will not affect the validity of the amending act.

4. It remains now to consider the numerous objections raised to the validity of the general act. The defects in the original act, so far as it related to the school districts, which were pointed out in the case of *Brown* v. *Railway Co.,* supra, were cured by the amending act of 1906. The school district system is therefore to date from the passage of that act. If it was a valid act, the prior local act creating the Jenkinsburg school district was repealed. The act amending the general act and the local act were approved on the same day,—August 21, 1906. For the purposes of this case it is not necessary to determine whether there is any presumption as to which first took effect. If the amendatory local act was first approved, it was immediately repealed by the subsequent general act. If the general act was first approved, the amendatory local act dealt with a subject covered by an existing general law. The objections raised to the original general act need not now be considered, unless the defects therein pointed out also appear in the amended act. It is the act as amended that is now the law, no matter what may have been the defects in the original act from which it sprang. It is alleged that the general act is void, because it contains matter not indicated in the title. What is such matter not being pointed out, no question is presented for decision by this assignment of error. The objection

to the act, that it violates that portion of the constitution (Civil Code, §5779) which declares that no law or section of the code shall be repealed or amended unless the act making such amendment or effecting such repeal distinctly describes the act to be amended or repealed. This provision of the constitution has reference to repeals and amendments expressly made, and has no application to repeals by implication. *Swift* v. *Van Dyke, 98 Ga. 725* (26 S. E. 59). The uniformity rule of the constitution in reference to taxation and the collection of taxes is not infringed by the act merely for the reason that the scheme of taxation as to amount and method of collection is different when taxes are levied and collected for district schools from what it is when collected for county schools. The constitution declares that the public schools shall be free to all the children of this State. When a system is provided where any child may be admitted free to a school in the territory where such child is domiciled, the mandate of the constitution is satisfied. If a child desires to enter a school in any other territory, it is permissible to charge such child tuition for the privilege. The right of the school authorities to charge tuition for children who are non-residents of the territory where the school is located has never been and can not be seriously doubted. *Irvin* v. *Gregory, 86 Ga.* 605 (13 S. E. 120).

There are a number of other objections made to the general act, such as, that school districts can be made up of municipalities and adjacent territory without an election on the subject of taxation; that the school system antedating the constitution is to be affected; that donations and gratuities are granted to chartered schools; that sectarian schools are allowed to participate in the public-school fund; that the provision for the removal of school trustees violates the provision of the constitution vesting the sole power of impeachment in the Senate, as well as section 291 of the Penal Code, providing for the indictment of certain officers; and that the act does not operate uniformly over the entire State. These and other objections have been made to the general act, and insisted on in the brief of counsel; and we call attention to them simply to show that they have been under consideration and have been found untenable. We do not consider any of the objections urged against the general act of 1905, as amended by the act of 1906, well taken. The general act is a valid law of uniform

operation throughout the State, and had the effect to repeal all laws, general and special, which are so inconsistent with it that the prior laws and the new law can not stand together. Such is the case with the Jenkinsburg school-district act, and it was therefore repealed. The word "now," in the second line of the fourth section of the amended act of 1906, as that section appears in the recital of the act of 1905 as amended in the act of 1906, p. 69, is manifestly a clerical error. The word "not" appears in the third section of the act of 1905. Acts 1905, p. 427. The act of 1906 provides for striking out the third section of the act of 1905, and substituting a section "to be numbered 4," which contains the word "not." Acts 1906, p. 63.

*Judgment affirmed. All the Justices concur.*