## JONES v. STOKES.

1. The act approved August 9, 1904, regulating the running of automobiles "and all other similar machines" in Monroe county (Acts 1904, p. 276), was repealed by the general automobile act approved August 13, 1910 (Acts 1910, p. 90); and the court did not err in so holding in passing

upon the question raised by the demurrer to the seventh paragraph of the third count of the petition.

2. Under the ruling in the case of *Strickland* v. *Whatley,* 142 *Ga.* 802 (83 S. E. 856), the court did not err in its ruling on the demurrer to the seventh paragraph of the second count of the petition.

3. Grounds of a motion for new trial which complain that the court erred in not giving in charge to the jury specified sections of an act (referred to by number only) of the General Assembly of this State, approved on a given date, do not, in form, constitute a good assignment of error.

4. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

Аugust 15, 1916. Rehearing denied September 23, 1916.

Action for damages. Before Judge C. S. Reid. Colquitt superior court. April 17, 1915.

In an action for damages for the alleged negligent killing of a horse belonging to him, the plaintiff set forth in three counts his cause of action. In the seventh paragraph of the second count it was alleged that "defendant at the time and place above stated was guilty of negligence (per se), in that he violated the (criminal) laws of the State, to wit, the act of the General Assembly approved August 13, 1910, and section 5 and section 6 thereof, for that," etc. In the seventh paragraph of the third count it was alleged that defendant "was further guilty of negligence per se, for that he was then and there violating one of the criminal laws of this State, to wit: the act of the General Assembly approved August 9, 1904, and section 2 thereof," etc. To these paragraphs the defendant demurred as follows: "Defendant specially demurs to the seventh paragraph of said [second] count, because same is too general and indefinite to set out a cause of action based on negligence, and that the acts cited therein, being acts of the General Assembly approved August 13th, 1910, regulating the use of automobiles on one of the highways of this State at a rate of greater speed than is reasonable for the safety of the public, having regard so as not to endanger the life and safety of any person, is null and void and is too indefinite in its terms to be capable of enforcement, and is neither criminal nor negligence per se." "Defendant specially demurs to the seventh paragraph of third count of plaintiff's petition, because said paragraph is too general, indefinite, and only seeks to plead a local law of 1904, which law being of the Acts of General Assembly of 1904, section 2 thereof, and which law is null and void and same being

so declared and superseded by a general law enacted by the General Assembly approved August 13th, 1910." Upon the hearing the court ordered that the demurrer be "sustained as to 7th paragraph in 3d count of plaintiff's petition, holding that the local law therein is superseded by a general law thereafter passed by the General Assembly. Also the demurrer is sustained so far as that part of paragraph in second count relating to negligence per se and criminal laws of Georgia, but is overruled as to remainder of paragraph, and to each and all other grounds." To this judgment the plaintiff excepted pendente lite. The trial resulted in a verdict and judgment for the defendant. The plaintiff's motion for a new trial was overruled, and he excepted, and assigned error also upon his exceptions pendente lite.

*Hardeman, Jones, Park & Johnston* and *Harry S. Strozier,* for plaintiff. *J. D. McKenzie* and *J. L. Dowling,* for defendant.

FISH, C. J. (After stating the foregoing facts.)

The first question presented to this court for decision by the exceptions pendente lite is whether or not section 2 of the act of 1904 (Acts 1904, p. 276) is, in that the same is a special and local act, superseded by sections 5 and 6 of the general act (Acts 1910, p. 90), and is repealed thereby. The act of 1904 is entitled: "An act to regulate the running of locomobiles, automobiles, motorcycles, and all other similar machines, while using the public roads in Monroe county; to prescribe the duties of those in charge of said machines; and to provide for the punishment of said parties when this law is violated, and for other purposes." The first section provides that the speed of such vehicles shall not be over twenty miles per hour. Section two, the one for consideration, is as follows: "That when any one in charge of or running an automobile, locomobile, motorcycle, or other similar machine, on the public roads in the county of Monroe, is meeting or approaching any one who is driving or riding any horse or mule, he shall bring his machine to a full stop at least one hundred yards from said horse or mule, and shall shut off all his machinery and stop all noise being made by the same until said horse or mule has passed his machine, and at least fifty yards beyond the same." Section three provides for approaching from the rear of one using the highway; section four, for approaching animals when hitched; and section 6, a penalty for violating any

of the provisions of the act. The title of the act of 1910 is as follows: "An act to regulate the running of automobiles, locomobiles, and other vehicles and conveyances of like character propelled by steam, gas, gasoline, electricity, or any power other than muscular power, upon the public and private roads of the State of Georgia; to provide for the registration and numbering of the same; to provide for and regulate the use of lights thereof; to provide uniform rules regulating the running and speed thereof; to prohibit intoxicated persons or persons under sixteen years of age from operating them; to prohibit the operation of an automobile without authority of the owner; to provide penalties for the violation of any of the provisions of this act, and for other purposes." Section one, among other things, provides that "it shall be unlawful for any person or persons, except in accordance with the provisions of this act, to run, drive, or operate any automobile," etc. Section five provides as follows: "That no person shall operate a machine on any of the highways of this State as described in this act at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property; and upon approaching a bridge, dam, high embankment, sharp curve, descent or crossing of intersecting highways and railroad crossings, the person operating a machine shall have it under control and operate it at a speed not greater than six miles per hour." Section six provides: "That upon approaching a pedestrian in a roadway or highway as described in this act, or a horse or horses or other draft animals being ridden or driven thereon, the person operating the machine shall give reasonable warning of its approach by the use of a bell, horn, gong, or other signal, and use every reasonable precaution to insure the safety of such person or animal, and, in the case of horses or other draft animals, to prevent frightening the same." Other sections by their terms seek to cover and make provision for the purposes as set forth in the caption of the act, above quoted. Section twelve enacts that the provisions of the act shall not affect municipal ordinances regulating the operation of automobiles and similarly propelled vehicles within municipalities, provided there is no conflict with this act. The act also repeals all conflicting laws and parts thereof.

1. The mere enactment by the legislature of a general statute upon a subject-matter dealt with in a formerly passed particular statute will not alone repeal the latter. Ordinarily, unless the provisions of the general statute expressly provide that it shall have the effect of repealing a previously passed particular statute dealing with the same subject-matter, or unless the general statute by its terms necessarily embraces those of the other, or there is an irreconcilable conflict between the provisions of the two, the subsequently enacted general statute will not supersede the particular one. However, this being a rule of construction, in such cases, as in all others, the intention of the legislature is the cardinal rule to be applied by the court; and therefore, in the absence of an express repeal, if it be apparent that the legislature intended, in a given case, that the later general statute should supplant the particular one, the courts will construe the subsequently enacted general law as having that effect. See, on this subject: *Haywood* v. *Savannah*, 12 *Ga.* 404; *Erwin* v. *Moore*, 15 *Ga.* 361; *Elrod* v. *Gilliland*, 27 *Ga.* 467; *Pausch* v. *Guerrard*, 67 *Ga.* 319 (9); *Mayor &c. of Montezuma* v. *Minor*, 70 *Ga.* 191; *McGruder* v. *State*, 83 *Ga.* 616 (10 S. E. 281); *Crovatt* v. *Mason*, 101 *Ga.* 246, 252 (28 S. E. 891); *Montford* v. *Allen*, 111 *Ga.* 18 (36 S. E. 205); *Western & Atlantic R. Co.* v. *Atlanta*, 113 *Ga.* 537, 557 (38 S. E. 996, 54 L. R. A. 294); *Davis* v. *Dougherty County*, 116 *Ga.* 491 (42 S. E. 764); *Glover* v. *State*, 126 *Ga.* 594 (4), 599 (55 S. E. 592); *Edalgo* v. *Southern Ry. Co.*, 129 *Ga.* 258, 264 (58 S. E. 846). See also 1 Sutherland, Statutes (2d ed. Lewis), §§ 274, 276.

Applying to the present case the principles recognized and enunciated in the foregoing authorities, it seems clear to us that it was the intention of the legislature, by the enactment of the general statute of 1910, to abrogate the particular one of 1904. Among the purposes of the general act as stated in the caption thereof was, "to provide *uniform* rules regulating the running and speed" of motor vehicles. "Uniform" means having the same effect upon all persons coming within the operation of the general statute, to wit: all the territory throughout the State and in every county thereof. And in furtherance of this purpose it is provided in section one, that, "except in accordance with the provisions of this act, it shall be unlawful for any person or per-

sons" to operate the vehicles described therein upon the highways, roads, etc., "of this State." Therefore, to except from the operation of the statute the highways and roads of one county of the State would violate the express intention of the legislature that the statute should establish uniform rules and regulations. Furthermore, it would seem that if the legislature did not intend that the act of 1904 should not be so superseded, it would have expressly so provided, as it did in the matter of municipalities. We are therefore of opinion that the court did not err in his ruling upon the demurrer filed to the seventh paragraph in the third count of the petition.

2. Nor did the court err in striking therefrom, on demurrer, that part of the seventh paragraph of the second count, "relating to negligence per se and criminal laws of Georgia." This paragraph charged the defendant with negligence per se, "in that he violated the (criminal) laws of the State, to wit, the act of the General Assembly approved August 13, 1910, and section 5 and section 6 thereof," etc. These sections deal with regulations in the operation and use of automobiles and similar vehicles on the highways of this State. In the case of *Strickland* v. *Whatley,* 142 *Ga.* 802 (83 S. E. 856), it was held that this part of the statute is not sufficiently definite in its terms to be capable of enforcement as a penal statute. Under this decision, therefore, the court properly struck the allegation to the effect that it is a penal statute.

3, 4. Headnotes three and four need no elaboration.

*Judgment affirmed. All the Justices concur.*