28971. HENRY CHANIN CORPORATION *et al.* v. DUMAS.

DECIDED SEPTEMBER 22, 1941.

*T. J. Long,* for plaintiffs in error.

*Hewlett & Dennis, T. F. Bowden,* contra.

GARDNER, J. This case is here for review on two assignments of error; first, because of the ruling on objections made to a question propounded on cross-examination by counsel for the defendant in error to a witness for the plaintiffs in error, and second, because the verdict was excessive. The assignments on the general grounds are abandoned.

1. As a basis for the first assignment the record reveals the following incident which we set forth after stating the case: J. C.

Dumas Jr. filed a suit for damages on account of alleged personal injuries sustained by him by reason of the collision of a motorcycle, on which he was riding on the rear seat, and an automobile operated by the plaintiff in error, Grovenstein. The transaction happened at the intersection of Cooper and Glenn Streets in Atlanta, Georgia. Dumas recovered a verdict for $2000. During the trial the following took place while W. A. Dean, a witness for plaintiffs in error, was on the stand. Q. "Now, Mr. Witness, didn't you swear before, at the police station, that the way the defendant got in touch with you was because a certain man came to see you, an insurance man?" A. "No, sir, I didn't. I didn't say that." Mr. Long: "Now, if your honor please . ." The court: "Just a minute." Mr. Long: "I have a motion to make. I ask for the jury to be retired." At this point the jury retired from the court-room. Mr. Long: "The motion, your honor, is to declare a mistrial by reason of the fact that counsel has brought out into this case the question of insurance, which is highly prejudicial and detrimental to this defendant. If the court doesn't grant a mistrial, I move the court to instruct the jury to disregard this statement as having no bearing on the liability in the case, and, furthermore, to sustain my objection to the question, and furthermore, to rebuke counsel in the presence of the jury for bringing out the prejudicial and detrimental irrelevant matter." The court: "Mr. Long, I don't think there is sufficient in this question to grant a mistrial. So little has been disclosed by the question, I am just afraid—I will let you be the judge of it—that if I say anything to the jury about a reprimand to counsel more will be disclosed than to leave it as is. I just don't know. You are insisting that it is relevant?" Mr. Hewlett: "Yes, sir. However, your honor, if there is any doubt, I will withdraw the question. The court may call the jury back. I will withdraw the last question." The court: "We will leave the record in this shape. I will overrule the motion. If you want it withdrawn we will let you make that statement." Note: at this point the jury returned to the court-room. Mr. Hewlett: "Your honor, I wish to withdraw at this point the last question propounded to the witness, which he hasn't up to this time answered, and to put this question to him: . ."

Leaving aside the question as to whether what took place during the trial as quoted above was sufficient, taking into consideration

the whole setting that the witness was under cross-examination for impeachment purposes and the general scope of any implication which could be possibly drawn therefrom, to invoke either an order of mistrial or a rebuke of counsel, we think that any possible error was waived by the conduct of counsel for the plaintiffs in error. Were there no authorities so holding as an original proposition, we could easily conclude that the court would have done something more than was done had counsel insisted on the motion. The court. had a perfect right to believe that counsel was convinced, as was the court, that it was better for the cause of the plaintiffs in error to make no rebuke of opposing counsel, even though the question was improper; and it is by no means clear from the entire record that it was an improper question. See Code, § 38-1705; *Floyd* v. *Wallace*, 31 *Ga.* 688; *Griffin* v. *State*, 18 *Ga. App.* 462 (2, 3) (89 S. E. 537); notes in 74 A. L. R. 410, 852; *Girard* v. Irvine, 97 Cal. App. 377 (275 Pac. 840); Heil *v.* Seidel, 249 Ky. 314 (60 S. W. 2d, 626). There are many authorities to the same effect, but regardless of this, if any right to insist further did inure to plaintiffs in error, that right was waived by the silence of counsel in view of no further insistence after the court's statement as above quoted. *Cutter-Tower Co.* v. *Clements*, 5 *Ga. App.* 291 (2) (63 S. E. 58). The court in that case ruled: "Assent to an error waives the right to complain of that error." See also in this connection bearing indirectly on the subject: *Southern Railway Co.* v. *Wright*, 6 *Ga. App.* 172 (2) (64 S. E. 703); *Brooks* v. *Ritch*, 31 *Ga. App.* 539 (121 S. E. 136); *Linder* v. *Brown*, 137 *Ga.* 352 (73 S. E. 734); *Bacon* v. *Bacon*, 161 *Ga.* 978 (133 S. E. 512); *Heinz* v. *Backus*, 34 *Ga. App.* 203 (128 S. E. 915); *O'Neill Manufacturing Co.* v. *Pruitt*, 110 *Ga.* 577, 578 (36 S. E. 59). There is no merit in this assignment of error.

2. The second assignment of error complains that the verdict was excessive. The evidence not only shows that the injuries were severe and painful, causing unconsciousness for a time and inability to walk for several weeks, extreme weakness thereafter, and resultant headaches since, but there was expert testimony to the effect that the injuries are permanent. When the law as contained in the Code, § 105-2015, is applied to the facts of this case, this court is without authority of law to set the verdict aside for being

excessive. *Morris* v. *Stanford*, 58 *Ga. App.* 726 (3), 728 (199 S. E. 773).

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*