45755. CROSBY v. DIXIE METAL COMPANY.

PANNELL, Judge. The plaintiff, Dixie Metal Company, brought an action against the defendant, Crosby, in the Civil Court of Bibb County on April 9, 1969, upon which service was acknowledged by the attorney for the defendant on May 1, 1969, and answer filed on May 7, 1969. The case was called for trial on May 27, 1969, and the verdict directed for the plaintiff. Defendant filed a motion to set aside the judgment on June 22, 1970, based on the contention that the Civil Practice Act applied to the Civil Court of Bibb County and that since the defendant had 30 days in which to file his answer, the case could not be tried nor any judgment rendered against him prior thereto without his consent. His motion was overruled on July 10, 1970, and the defendant appealed. Section 18 of the Act of 1955 (Ga. L. 1955, pp. 2552, 2560) provides for the holding of monthly terms of said court on the third Monday of each month and that suit shall be filed in the clerk's office of said court at least 15 days before the first day of the term at which it is returnable and shall be served at least 10 days before the first day of said term, and that the appearance term of said court shall also be the trial term thereof. *Held:*

1. The Civil Court of Bibb County is a court of record within the meaning of Section 1 of the Georgia Civil Practice Act (Ga. L. 1966, pp. 609, 610). *Crosby v. Dixie Metal Co.,* 227 Ga. 541 (181 SE2d 823), answering certified question from this court. It necessarily follows therefore that the procedures established in the Georgia Civil Practice Act apply to the Civil Court of Bibb County, but do they apply to the extent of repeal of the provision of the Act creating such court inconsistent therewith? The passage of a general law will not necessarily be so construed as to repeal an existing particular or special law, unless it is plainly manifest from the terms of the general law that such was the intention of the law-making body. *Davis v. Dougherty County,* 116 Ga. 491 (1) (42 SE 764). "The mere enactment by the legislature of a general statute upon a subject-matter dealt with in a formerly passed particular statute will not alone repeal the latter. Ordinarily, unless the provisions of the general

statute expressly provide that it shall have the effect of repealing a previously passed particular statute dealing with the same subject-matter, or unless the general statute by its terms necessarily embraces those of the other, or there is an irreconcilable conflict between the provisions of the two, the subsequently enacted general statute will not supersede the particular one. However, this being a rule of construction, in such cases, as in all others, the intention of the legislature is the cardinal rule to be applied by the court; and therefore, in the absence of an express repeal, if it be apparent that the legislature intended, in a given case, that the later general statute should supplant the particular one, the courts will construe the subsequently enacted general law as having that effect. See, on this subject: *Haywood v. Savannah,* 12 Ga. 404; *Erwin v. Moore,* 15 Ga. 361; *Elrod v. Gilliland,* 27 Ga. 467; *Pausch v. Guerrard,* 67 Ga. 319 (9); *Mayor &c. of Montezuma v. Minor,* 70 Ga. 191; *McGruder v. State,* 83 Ga. 616 (10 SE 281); *Crovatt v. Mason,* 101 Ga. 246, 252 (28 SE 891); *Montford v. Allen,* 111 Ga. 18 (36 SE 205); *Western & A. R. Co. v. Atlanta,* 113 Ga. 537, 557 (38 SE 996, 54 LRA 294); *Davis v. Dougherty County,* 116 Ga. 491 (42 SE 764); *Glover v. State,* 126 Ga. 594 (4), 599 (55 SE 592); *Edalgo v. Southern R. Co.,* 129 Ga. 258, 264 (58 SE 846). See also 1 Sutherland, Statutes (2d Ed. Lewis), §§ 274, 276." *Jones v. Stokes,* 145 Ga. 745, 749 (89 SE 1078). Applying to the present case the principles recognized and enunciated in the foregoing authorities, we think it clearly appears from the Georgia Civil Practice Act that it was the intention of the legislature that it apply to *all* courts of record, that being the only classification of courts to which it does apply.

2. Section 12 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622; Ga. L. 1967, pp. 226, 231; *Code Ann.* § 81A-112 (a)) provides that a defendant shall serve his answer within 30 days of the service upon him "unless otherwise provided by statute," and it has been contended that since it is otherwise provided by statute in the Act, as amended, creating the Civil Court of Bibb County, that this comes within the exception of the Civil Practice Act, relying upon *Hines v. Wingo,* 120 Ga. App. 614 (171 SE2d 905).

In *Gresham v. Symmers*, 227 Ga. 616, 617 (182 SE2d), holding a portion of the Act of March 29, 1968 (Ga. L. 1968, pp. 2928-2934) relating to the Civil and Criminal Court of DeKalb County (State Court of DeKalb County) unconstitutional, the Supreme Court of this State held that "the phrase 'otherwise provided by statute' relates to such special statutory proceedings (such as quo warranto, mandamus, etc.) as may prescribe specific rules of practice and procedure with relation to the time of filing defensive pleadings as may be different from the 30 days permitted under the Civil Practice Act, and not to local practice rules provided in the various statutes creating such courts . . . " This case is therefore controlling on the question rather than *Hines v. Wingo*, 120 Ga. App. 614, supra. We therefore hold in accordance with the Supreme Court decision that the language "unless otherwise provided by statute" in Section 12 (a) of the Civil Practice Act refers to other laws or statutes of this State. relating to a particular type of proceeding or action which might have a different appearance day or time of filing a responsive pleading. See *Electro Kinetics Corp. v. Wilson*, 122 Ga. App. 171 (176 SE2d 604).

3. The Civil Practice Act having acted as an implied repeal of the provisions of Section 18 of the Act of 1955 (Ga. L. 1955, pp. 2552, 2560) which provided for monthly terms on the first Monday of each month and "that suit shall be filed in the clerk's office of said court at least 15 days before the first day of the term at which it is returnable and shall be served at least 10 days before the first day of said term," and "[t]hat the appearance term of said court shall also be the trial term thereof" then no ordinary action may be tried in the Civil Court of Bibb County prior to the expiration of the 30-day period given for filing an answer to a complaint in Section 12 (a) of the Civil Practice Act (Ga. L. 1966, pp. 609, 622; *Code Ann.* §81A-112 (a)) even though an answer has already been filed prior thereto, unless it be done by consent of the parties. It follows, therefore, that the trial court erred in overruling the motion to set aside the verdict and judgment.

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*

SUBMITTED NOVEMBER 2, 1970—DECIDED JUNE 16, 1971—
REHEARING DENIED JULY 8, 1971.

*Harry F. Thompson,* for appellant.
*E. Gantt Williams, Jr.,* for appellee.