### 27303. JOHNSON v. CALDWELL.

HAWES, Justice. The appeal in this case is from the judgment of the Superior Court of Tattnall County remanding petitioner to the custody of the warden. Johnson filed a pro se petition for a writ of habeas corpus contending in substance that he had been sentenced under a plea of guilty to an indictment charging him with assault with intent to murder; that he had served the maximum time provided by law under the sentence, which sentence was for 10 years, and that he was being held by the warden in violation of his rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution. On the trial of the case, the Attorney General representing the warden admitted that petitioner had served the maximum time provided by law under the sentence imposed upon him on his plea of guilty to the charge of assault with intent to murder, but introduced evidence that he was being held by the warden under a 20-year sentence imposed upon him to be served consecutively to the first sentence upon a plea of guilty to a charge of burglary. In response to this, the appellant stated that he

was not aware that he had pleaded guilty to any other charge and that if he did so he was without representation of counsel and that he did not do so knowingly. The trial judge, on the plea of the attorney general that he was not prepared to meet such contention, refused to permit the appellant to make this contention and remanded the petitioner to the custody of the warden. The appeal from that order presents the question of whether, on the trial of a habeas corpus case the applicant is limited to the grounds set forth in his application or may show any other reason, or reasons he can why his imprisonment is unlawful, notwithstanding such other reason, or reasons, do not specifically appear from the language of his application.

*Code* § 50-114 provides that, "If the return shall deny any of the material facts stated in the petition, or allege others upon which issue is taken, the judge hearing the return may, in a summary manner, hear testimony as to the issue, and to that end may compel the attendance of witnesses, the production of papers, or may adjourn the examination of the question, or exercise any other power of a court which the principles of justice may require." As has been said, the writ of habeas corpus is a writ of right, and its beneficent effects ought not to be dissipated by subtle objections and technical niceties. It has been held that a proceeding for habeas corpus is not, in a technical sense, either a suit or an action. The technical rules of pleading are not applicable in a proceeding of this character; and where a writ has been issued, and in response thereto the person detained has been brought into court, it is not the proper practice to demur to the petition for want of sufficient allegations. While a motion to quash the writ may be made on this ground, the better practice, when the person detained is before the court, is to inquire into the cause of the restraint and pass such order as the case requires. Georgia Practice and Procedure, § 5-28 (3d Ed.), p. 85, Notes 292, 293 and 294; *Simmons v. Ga. Iron &c. Co.,* 117 Ga. 305, 312 (43

SE 780, 61 LRA 739); *Beavers v. Williams,* 199 Ga. 113, 123 (33 SE2d 343); *Plunkett v. Hamilton,* 136 Ga. 72, 80 (70 SE 781, 35 LRA (NS) 583); *Singleton v. Singleton,* 216 Ga. 790 (119 SE2d 558). Nothing in the Habeas Corpus Act of 1967 (Ga. L. 1967, p. 835 et seq.) manifests a legislative intent to abrogate in anywise these liberal principles, but on the contrary, it is plain that it was the intent of the legislature in enacting that law to make the remedy more readily available to prisoners resorting to the Georgia courts and to facilitate a determination in each case of the ultimate issue of the legality or illegality of the imprisonment.

By Section 3 of the Habeas Corpus Act of 1967 above referred to, the General Assembly added a new Code section to be numbered § 50-127. That section provided an exclusive procedure for suing out a writ of habeas corpus by persons restrained of their liberty by virtue of a sentence imposed by a State court of record. It provided, among other things, in paragraph 2 thereof for the substantive content of the petition for a writ of habeas corpus and for the verification of the same, and in other paragraphs for the procedure to be followed in habeas corpus cases. However, by the Act approved April 8, 1968 (Ga. L. 1968, pp. 1104, 1109), the legislature amended the Civil Practice Act in several respects including § 81 of that Act (*Code Ann.* § 81A-181) by striking it as it had previously stood and by re-enacting it to read as follows: "This Act shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but in any event, the provisions of this Act governing *the sufficiency of pleadings,* defenses; *amendments;* counterclaims; cross claims; third party practice; joinder of parties and causes; making parties; discovery and depositions; interpleader; intervention; *evidence;* motions; summary judgment; relief from judgments and the effect of judgments; shall apply to all such proceedings." (Emphasis supplied.) That Act contained in § 13 thereof a

general repealer of all laws and parts of laws in conflict therewith. Ga. L. 1968, p. 1110.

We are, therefore, presented with the question of whether it was the intent of the legislature in enacting the 1968 amendment to the Civil Practice Act, a general law, to repeal thereby the provisions of the Habeas Corpus Act of 1967, a special law, relating to the exclusive procedure for suing out the writ. "The mere enactment by the legislature of a general statute upon a subject-matter dealt with in a formerly passed particular statute will not alone repeal the latter. Ordinarily, unless the provisions of the general statute expressly provide that it shall have the effect of repealing a previously passed particular statute dealing with the same subject-matter, or unless the general statute by its terms necessarily embraces those of the other, or there is an irreconcilable conflict between the provisions of the two, the subsequently enacted general statute will not supersede the particular one. However, this being a rule of construction, in such cases, as in all others, the intention of the legislature is the cardinal rule to be applied by the court; and therefore, in the absence of an express repeal, if it be apparent that the legislature intended, in a given case, that the later general statute should supplant the particular one, the courts will construe the subsequently enacted general law as having that effect. See, on this subject: *Haywood v. Savannah,* 12 Ga. 404; *Erwin v. Moore,* 15 Ga. 361; *Elrod v. Gilliland,* 27 Ga. 467; *Pausch v. Guerrard,* 67 Ga. 319 (9); *Mayor &c. of Montequma v. Minor,* 70 Ga. 191; *McGruder v. State,* 83 Ga. 616 (10 SE 281); *Crovatt v. Mason,* 101 Ga. 246, 252 (28 SE 891); *Montford v. Allen,* 111 Ga. 18 (36 SE 205); *Western & Atlantic R. Co. v. Atlanta,* 113 Ga. 537, 557 (38 SE 996, 54 LRA 294); *Davis v. Dougherty County,* 116 Ga. 491 (42 SE 764); *Glover v. State,* 126 Ga. 594 (4), 599 (55 SE 592); *Edalgo v. Southern Ry. Co.,* 129 Ga. 258, 264 (58 SE 846). See also 1 Sutherland, Statutes (2d Ed. Lewis, §§ 274, 276." *Jones v. Stokes,* 145 Ga. 745, 749 (89 SE

1078). See, also, *Crosby v. Dixie Metal Co.,* 124 Ga. App. 169 (1) (183 SE2d 59). Applying these rules of construction to the Acts with which we are concerned in this case, we think it is plain that the legislature intended, in enacting the 1968 amendment to § 81 of the Civil Practice Act above quoted, to repeal pro tanto the provisions of § 3 of the Habeas Corpus Act of 1967 insofar as it prescribed any different rules governing the sufficiency of pleadings, amendments, and what evidence would be admissible in support of a claim of illegal imprisonment, and intended that thereafter the Civil Practice Act should apply. We hold, therefore, that the Civil Practice Act applies to habeas corpus proceedings insofar as questions arise therein regarding the sufficiency of pleadings, the admissibility of evidence under the petition as drawn, amendments, and those other elements of pleading and practice enumerated in § 81 of the Act as amended. With respect to the admissibility of evidence and amendment of pleadings to conform to the evidence, the Civil Practice Act provides: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." *Code Ann.* § 81A-115 (b). This section is consistent with the provisions of § 50-114, quoted above, and carries into the general law of practice and procedure its liberal provisions. While both this section and § 50-114 are couched in terms which are merely permissive and do not require the trial judge to allow amendment of the pleadings or grant a continuance, under the facts of this case and the law set forth herein, the trial judge should have heard the issues made by the petitioner's evidence or if he was satisfied

that such issues could not properly be met at that time by the warden, then he should have adjourned the hearing, or granted a continuance, to enable the warden to meet the issues made by the applicant's obvious contentions respecting the illegality of his imprisonment, at which time he could hear the evidence and decide the question as to the legality or illegality of the imprisonment on the merits.

The case must be reversed and remanded with direction that the trial judge afford a hearing on *this* petition as to the issue of whether the petitioner knowingly and voluntarily plead guilty to the charge of burglary and whether his constitutional rights were denied him upon the entry of the second plea of guilty by reason of the fact, as he contends, that he was not represented by counsel and did not knowingly enter the plea. A reasonable time should be afforded the respondent warden and his counsel to meet the contentions of the applicant and to the applicant to amend his petition to conform to the evidence adduced upon the hearing.

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED JULY 10, 1972—DECIDED OCTOBER 5, 1972.

Jerome Johnson, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, W. Hensell Harris, Jr., Assistant Attorneys General,* for appellee.