## 67917. BURNETTE v. OLIVER.

McMurray, Chief Judge.

In this adoption case, the appellee is seeking to adopt his four-year-old stepdaughter, the minor child of the appellant natural father. The petition was filed on June 10, 1983, and the hearing was scheduled for September 7, 1983. On June 13, 1983, an order was entered to serve the appellant by publication; however, the appellant was served subsequently with a copy of the petition on August 26, 1983. An answer to the petition was filed by the appellant on the September 7, 1983, hearing date.

At the outset of the hearing, counsel for the appellant stated, "I think that the thing is premature at this point, your Honor, based on service alone." Counsel for the appellee responded that he was ready to go forward and that it was his "understanding that [the appellant] wished to proceed with this hearing today also." The court then concluded, "I'll go ahead and proceed with it." Counsel for the appellant made no other statements concerning the "prematurity" of the hearing.

At the conclusion of the hearing, the court granted the appellee's petition for adoption. It found that the appellant failed significantly, for a period of more than one year immediately prior to the filing of the petition, to communicate or make a bona fide attempt to communicate with the child, or to provide for the care and support of the child as required by law. In this appeal, appellant asserts the superior court erred by proceeding to conduct the hearing less than 30 days after service of the petition and by granting the petition for adoption. *Held:*

1. In *Crosby v. Dixie Metal Co.,* 124 Ga. App. 169, 171 (3) (183 SE2d 59), this court held that a civil action may not be tried "prior to the expiration of the 30-day period given for filing an answer to a complaint . . . even though an answer has already been filed prior thereto, unless it be done by consent of the parties." Relying upon *Crosby,* appellant contends the adoption hearing should not have been held until the expiration of 30 days following the personal service of the adoption petition. Appellee agrees that the holding in *Crosby* controls the timing of the hearing; but he argues that the ap-

pellant consented to the September 7, 1983 hearing.

Although he initially pointed out that the hearing was "premature," counsel for the appellant did not respond to opposing counsel's statements that he understood the appellant was willing to proceed. Nor did appellant's counsel respond to the superior court's conclusion that the case should proceed. Based upon the silence of counsel for the appellant, the superior court had a perfect right to believe that the appellant consented to the hearing and that he was ready to proceed. See *Henry Chanin Corp. v. Dumas*, 65 Ga. App. 820 (16 SE2d 603). See also *Cutter-Tower Co. v. Clements*, 5 Ga. App. 291 (2) (63 SE 58). We think that the appellant did consent to the hearing by his counsel's conduct.

2. Substantial questions of fact were presented to the trial judge concerning the appellant's communications with the child and his support of the child. The appellant testified that although he made attempts to communicate with the child and to support the child, the appellee and the child's mother frustrated his efforts. The appellee and the child's mother, on the other hand, averred that the appellant made no attempts to communicate with or support the child.

" 'In matters of adoption the superior court has a very broad discretion which will not be controlled by the appellate courts except in plain cases of abuse.' [Cits.] Thus, if there is any evidence to support the judgment entered in an adoption proceeding, it must be affirmed by this court. *Hamrick v. Seward*, 126 Ga. App. 5 (1) (189 SE2d 882)." *Nix v. Sanders*, 136 Ga. App. 859 (1) (223 SE2d 21); *Johnson v. Taylor*, 153 Ga. App. 15 (264 SE2d 512). In light of the evidence that the appellant made no attempts to communicate with the child or to support the child, the judgment of the superior court must be affirmed.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 13, 1984.

*Hoyt L. Bradford*, for appellant.
*D. Nicholas Winn*, for appellee.